Indictment for assault to murder. Before Judge REESE. Elbert superior court. September term, 1894.

I. C. VANDUZER and W. D. TUTT, for plaintiff in error.

W. M. HOWARD, solicitor-general, by HARRISON & PEEPLES, *contra*.

---

### HARPER *v.* THE STATE.

.SIMMONS, C. J.—The head-note in the case of *Bowman* v. *The State*, decided this day, is precisely applicable to this case.

November 26, 1894.                    *Judgment reversed.*

---

### JONES *v.* THE STATE.

LUMPKIN, J.—1. The exercise of due diligence by the accused and his counsel would have enabled them to discover, before accepting a juror put upon them under the name of "T. G. Howell," that he was the same person whose name appeared in the bill of indictment as "Thomas G. Howell," and that he was a member of the grand jury which found the bill.

2. The evidence fully warranted the verdict; the newly discovered evidence is not such as to authorize the granting of a new trial; and no error was committed which would justify this court in setting aside the verdict after its approval by the trial judge.

October 8, 1894.                    *Judgment affirmed.*

Indictment for murder. Before Judge HENRY. Chattooga superior court. March term, 1894.

WESLEY SHROPSHIRE and COPELAND & JACKSON, for plaintiff in error. J. M. TERRELL, attorney-general, and W. J. NUNNALLY, solicitor-general, *contra*.

---

### HODGES *v.* THE STATE.

LUMPKIN, J.—The evidence as to what occurred at the time of the homicide showing a plain and manifest case of murder, with no color or suggestion of justification or mitigation, if the court erred either in denying a continuance applied for upon the ground