## SAPP *v.* THE STATE.

1. When, in purging the jury in a criminal case, the accused is given a list of the petit jurors, and the indictment on which appear the names of the grand jurors, and from these papers it appears that one of the jurors served on the grand jury which returned the indictment, a failure to object to such juror amounts to a waiver of his disqualification.

2. There was no material error in the charges complained of, and the evidence authorized the verdict.

Argued July 21, — Decided August 8, 1902.

Indictment for misdemeanor.　Before Judge Littlejohn.　Webster superior court.　May 27, 1902.

*J. F. Souter* and *G. Y. Harrell*, for plaintiff in error.
*F. A. Hooper, solicitor-general*, contra.

SIMMONS, C. J.　Sapp was indicted under the Penal Code, § 443, which makes it a misdemeanor for any seller of spirituous liquors to "sell or furnish liquors or other intoxicating drinks to any person who is at the time intoxicated or drunk."　He was found guilty of the offense charged, and his motion for a new trial was overruled.　He excepted.

1. A new trial was asked on the ground that one of the grand jurors who returned the indictment against the accused, and whose name appeared upon the indictment, was a member of the jury that tried the accused and returned the verdict of guilty.　From the evidence submitted to the trial judge upon the hearing, and from his note to the motion for new trial, it appears that the juror's name appeared on the indictment as a member of the grand jury which returned the indictment, and also appeared on a list of twenty-four jurors which was given counsel for the accused.　After the jury had been purged as to disqualifying relationships, it was suggested that some of the jurors might have served on the grand jury, and the court directed counsel for the accused to compare the list of petit jurors with the names appearing on the indictment, to see if such disqualification existed.　After the announcement that certain jurors were disqualified, they were removed and the panel filled.　There was some conflict in the affidavits submitted to the judge, as to whether counsel for the accused participated in the comparison of the names on the list with those on the indictment, or left this matter entirely to the solicitor-general and a third person not interested in the case.　Inasmuch, however, as there is no intimation that any fraud or deception was practised, this is immaterial.　The court gave counsel for the accused an opportunity to discover and suggest this juror's disqualification, and the presence of the juror's name on the indictment and in the list afforded ample means to do so.　When the accused or his counsel was given

the list and the indictment and told to look for any identity of names in the two papers, we think that he, in the absence of any fraud or deception, became chargeable with notice of whatever a proper examination of those papers would have revealed. He was thus chargeable with notice that this juror had served on the grand jury, and his failure or omission to challenge the juror or to suggest his disqualification must be held to amount to a waiver. Nor does it matter, as before remarked, whether counsel for the accused examined the papers himself or left the examination and comparison to others. In the latter case, those others would have acted as agents for counsel for the accused, and the latter would be chargeable with notice of whatever he should himself have discovered by a proper examination of the papers. When he left the comparison to others, he took the risk. For this reason we think that if the juror was disqualified by his prior service on the grand jury, his disqualification was waived and is no cause for granting a new trial.

2. Complaint is made of a charge of the court to the jury, as follows: "It is a question for you to determine, from all the facts and circumstances, as to whether this man . . was intoxicated or whether he was drunk. That is a question for you to determine from the testimony in this case. There is no direct rule that I know of that I could give you, gentlemen, whereby you could determine the issue or whereby you could be guided, as to whether the man was intoxicated or whether he was drunk. You would have to determine from the facts of the case. But under the law a man is intoxicated whenever he is so much under the influence of spirituous or intoxicating liquors that it so operates upon him, that it so affects his acts, or conduct or movement, that the public or parties coming in contact with him could readily see and know that it was affecting him in that respect. A man to that extent under the influence of liquor that parties coming in contact with him, or seeing him, would readily know that he was under the influence of liquor, by his conduct or his words or his movements, would be sufficient to show that such party was intoxicated." There is, as against the accused, no material error in this charge. The statute makes it an offense to sell to a person who is at the time either intoxicated or drunk. The indictment charged a sale to a person alleged to have been at the time intoxicated and drunk.

Whether there is any difference between an intoxicated man and one who is drunk is in this case an immaterial question, for proof of a sale to either would support a conviction. The court's definition of intoxication may not have been in exact accord with that of the lexicographers, but there was no material error in it. Under statutes similar to the one under which the accused was indicted it has been held that knowledge, on the part of the seller, of the intoxication of the purchaser is not an essential ingredient of the offense. Cundy *v.* LeCocq, 13 Q. B. D. 207; Black, Int. Liq. § 423, and cases cited. And see *Loeb* v. *State*, 75 *Ga.* 258. The charge of the court gave the accused the benefit of a contrary holding as to this question; for the jury were instructed not to convict unless the purchaser's intoxication was known to the accused or could have been discovered by the use of reasonable diligence. This question is, therefore, not made in the present case. The court's definition of " intoxicated " was substantially correct, and we think a man whose condition was therein described would be an intoxicated or drunken man. In the Standard Dictionary the following definition of " Drunk " is given : " Under the influence of intoxicating liquor to such an extent as to have lost the normal control of one's bodily and mental faculties, and, commonly, to evince a disposition to violence, quarrelsomeness, and bestiality." In the same work " intoxicated " is given as synonymous with " drunk." In State *v.* Pierce, 65 Iowa, 85, it was held that one is drunk who is so far under the influence of intoxicating liquor that his passions are visibly excited or his judgment impaired; and in Elkin *v.* Buschner (Pa.), 16 Atl. 102, it was held that " whenever a man is under the influence of liquor so as not to be entirely at himself, he is intoxicated, though he can walk straight, though he may attend to his business, and though he may not give any outward and visible signs to the casual observer that he is drunk." In the present case the charge of the court amounted to an instruction that to be intoxicated a man must be so under the influence of intoxicating liquors that his acts, or words, or conduct would be visibly and noticeably affected. Such an instruction was not erroneous.

There was no error in any other portion of the charge, so far as appears from the motion for new trial. The evidence fully warranted a finding not only that the accused, a regular dealer in liq-

uors, sold whisky to an intoxicated man, but that he did so with knowledge of the purchaser's intoxication.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*