### MASSEY v. THE STATE.

1. When in a felony case the name of one of the grand jury who returned the bill appears as N. J. White, and the name of a juror upon the panel put upon the prisoner as Neal J. White, due diligence demands an inquiry as to whether it is the same person. The fact that such is the case is no sufficient reason for granting a new trial, when no inquiry was made before accepting the juror.

2. The verdict was amply supported, and it was not error to refuse to grant a new trial.

Submitted October 16,—Decided November 8, 1905.

Indictment for assault with intent to murder. Before Judge Holden. Hart superior court. June 22, 1905.

Massey was indicted for assault with intent to murder, and was convicted of the offense of shooting at another. A motion for a new trial was filed, which, besides the general grounds, contained a special ground alleging that one of the jurors who rendered the verdict was one of the grand jurors who found the indictment, the juror's name appearing in the indictment as N. J. White, and upon the jury list, from which the jury was stricken, as Neal J. White. The motion was overruled, and the defendant excepted.

*A. G. & Julian McCurry,* for plaintiff in error.

*David W. Meadow, solicitor-general,* contra.

COBB, P. J. The name of the juror upon the list as furnished the prisoner was Neal J. White. The name appearing in the indictment was N. J. White. With the indictment and the list both before the counsel for the accused, the fact that a juror appeared in each whose initials were the same was sufficient to put him upon inquiry as to whether it was the same person in each list. By the exercise of the very slightest diligence this fact could have been ascertained before the juror was accepted. That the prisoner and his counsel did not know the fact until after the verdict is no sufficient reason for granting a new trial, unless it appears they could not have discovered the existence of the fact by the exercise of ordinary diligence. *Burns* v. *State,* 80 *Ga.* 544; *Jones* v. *State,* 95 *Ga.* 497.

The evidence authorized, even if it did not demand the verdict, and it was not error to refuse to grant a new trial.

*Judgment affirmed. All the Justices concur.*