### 4697. CARGILL v. THE STATE.

POTTLE, J. 1. There being no evidence that the person shot made any assault upon the person shooting, it was not error, in the trial of the latter for assault with intent to murder, to repel evidence of uncommunicated threats against the accused, made by the other party prior to the difficulty. *McKinney* v. *Carmack*, 119 *Ga.* 467 (46 S. E. 719); *Rouse* v. *State*, 135 *Ga.* 227 (69 S. E. 180).

2. Before a mistrial will be ordered after evidence has been introduced, on the ground that two of the jurors were members of the grand jury which found the indictment, it must appear that the accused and his counsel could not have discovered this fact by the exercise of ordinary diligence. It not appearing in the present case that the fact that two of the members of the jury were on the grand jury which found the indictment could not have been discovered by an examination of the list of grand jurors appearing thereon, and no reason being shown why this was not done, it was not erroneous to refuse to declare a mistrial after the evidence had been introduced. *Jones* v. *State*, 95 *Ga.* 497 (20 S. E. 211); *Britt* v. *State*, 112 *Ga.* 583 (37 S. E. 886); *Sapp* v. *State*, 116 *Ga.* 182 (42 S. E. 410); *Massey* v. *State*, 124 *Ga.* 24 (52 S. E. 78).

3. The evidence fully authorized the verdict. *Judgment affirmed.*
DECIDED APRIL 2, 1913.

Conviction of shooting at another; from Thomas superior court —Judge Thomas. January 11, 1913.

*Fondren Mitchell* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.