7723. WILCOX *v.* THE STATE.

BROYLES, J. 1. While a juror who has served in the trial of a criminal case, and, from the testimony given at the trial, has formed and expressed an opinion as to the guilt or innocence of the accused, is disqualified to sit as a juror on a subsequent trial of the same person for the same offense, yet if he does so sit, a new trial will not be granted solely for that reason, unless it is affirmatively made to appear that the accused and his counsel exercised due diligence to discover who constituted the first jury. *Jones* v. *State*, 95 *Ga.* 497 (20 S. E. 211); *Britt* v. *State*, 112 *Ga.* 583 (37 S. E. 886); *Sapp* v. *State*, 116 *Ga.* 182 (42 S. E. 410); *Massey* v. *State*, 124 *Ga.* 24 (52 S. E. 78). In this case the undisputed record shows that one of the counsel for the accused on the second trial was his leading counsel on the first trial, and that this counsel was in court at both trials when the jury was selected, and that he was personally well acquainted with the juror in question. It appears also, and is not disputed, that the defendant himself was personally acquainted with this juror. From these facts it seems to this court that the exercise of the slightest diligence on the part of the accused and his counsel would have enabled them to discover easily before the jury was impanelled that this juror had been a member of the jury upon the first trial of the case.

2. As to the alleged newly discovered evidence of the relationship of one of the jurors to the prosecutrix: the evidence tending to show this relationship, which was submitted by the defendant in the form of affidavits, was met by a counter-showing on the part of the State (also in the form of affidavits), which tended to show that there was no such relationship. Upon this question the trial judge was the trior, and an abuse of his discretion is not shown by his overruling the ground of the motion for a new trial which was based upon this alleged newly discovered evidence.

3. There was no material error in allowing the prosecutrix to give the following testimony: "I loved Gus Wilcox [the defendant] and he loved me."

4. Prejudicial remarks by the court in the hearing of the jury furnish no good ground for a motion for a new trial. In such a case a motion to declare a mistrial should be made, and upon the judge's re-

fusal to grant this motion his ruling would be subject to review. Counsel having failed to make such a motion, and having proceeded with the trial without objection, can not in a motion for a new trial raise the question as to the prejudicial nature of the remarks complained of. *Stapleton* v. *State*, ante, 36 (90 S. E. 1029), and cases cited therein. In the instant case, during the cross-examination of the prosecutrix, the court remarked: "Gentlemen, you must stop laughing. I am not going to have this little lady humiliated by this conduct. This is no place for levity, and I am not going to allow her to be sneered at." Under the above ruling, these remarks of the court, even if prejudicial, are not a ground for the grant of a new trial.

5. The evidence in this case showed that the prosecutrix had been separated from her husband for several years when the reputed bastard child was born. Under such circumstances there was no error in the failure of the court to charge that a child conceived during wedlock is presumed to be legitimate, and that this presumption remains until removed by competent testimony; especially since no timely written request for such a charge was presented.

6. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Hodges, J., absent.*

DECIDED DECEMBER 11, 1916.

Indictment for bastardy; from Grady superior court—Judge Cox.    July 3, 1916.

*L. W. Rigsby,* for plaintiff in error.

*R. C. Bell, solicitor-general, F. A. Hooper, J. O. Smith,* contra.