## 12704. JONES v. THE STATE.

PER CURIAM. The defendant's conviction was authorized by the evidence, the verdict has the approval of the trial judge, and the newly discovered evidence was merely cumulative and impeaching, and would not likely produce a different result upon another trial. The record shows no errors of law in the trial of the case.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

DECIDED JANUARY 17, 1922.

Indictment for manufacture of liquor; from Hancock superior court — Judge Park. June 11, 1921.

*Wiley & Lewis,* for plaintiff in error.

*Doyle Campbell, solicitor-general, A. Y. Clement,* contra.

LUKE, J., dissents. I dissent only from that part of the court's opinion wherein it is held that the newly discovered evidence was merely cumulative and impeaching and would not likely produce a different result upon another trial. The alleged newly discovered evidence consisted in part of the affidavit of one jointly indicted, who deposed, after his own conviction and after the trial of the accused, that he (deponent) and not the accused committed the crime, and that the accused was not present when it was committed, and did not participate in it; and, these facts not having been disclosed by the deponent until after the accused had been convicted and sentenced, in my opinion a new trial should have been granted upon this ground. The defense upon the trial was an alibi. There was evidence sustaining this defense, which the jury did not believe. Now, while the newly discovered evidence tended to establish the alibi to which other witnesses had sworn on the trial, it was not cumulative within the meaning of the law, since it located the accused away from the place of the crime and made it impossible for him to have been participating in the violation of law alleged in the indictment. The affidavit of the convicted person furnished a separate and a distinct alibi. In my opinion, the newly discovered evidence would meet the test of the law,— that is, would likely produce a different result upon another trial. See *Bowman* v. *State,* 95 *Ga.* 496 (22 S. E. 274) ; *Harper* v. *State,* 95 *Ga.* 497 (22 S. E. 276) ; *Fellows* v. *State,* 114 *Ga.* 233 (1), 237, 238 (39 S. E. 885).