### 20783. ROGERS *v.* THE STATE.

BLOODWORTH, J. 1. Exercise of due diligence by the accused and his counsel would have enabled them to discover, before accepting the juror put upon them under the name of George K. Salter, that he was the same person whose name appeared in the bill of indictment as George R. Salter and as a member of the grand jury which found the bill. *Jones v. State,* 95 *Ga.* 497 (20 S. E. 211); *Britt v. State,* 112 *Ga.* 583 (37 S. E. 886); *Massey v. State,* 124 *Ga.* 24 (52 S. E. 78). In *Burns v. State,* 80 *Ga.* 544 (7 S. E. 88), Chief Justice Bleckley said: "This juror was one of the regular panel, we may assume, since it does not appear that he was a talesman. And we hold that counsel and parties must find out who are on the regular panel, if the jurors are there by their proper names. This juror was Charles Foster, and there is no law requiring that the middle initial, or middle name, shall be given. This man was there by his own name—his own right and proper name, but not as fully expressed as is often done. . . He appeared openly by his own name. Counsel and client ought to have ascertained, before they accepted him, whether he was a competent juror or not. And we think the case falls within the general rule that causes of challenge propter defectum must be presented at an earlier stage of the case. While the accused and his counsel did not know all the facts, we hold that in the exercise of due diligence they might and ought to have known them."

2. The 2d ground of the motion for a new trial was not unqualifiedly approved by the trial judge. *Cronic v. State,* 40 *Ga. App.* 444 (2), 445 (154 S. E. 29), and cit.; *Herbert v. State,* 39 *Ga. App.* 678 (148 S. E. 602), and cit.

3. The indictment contains two counts, and a new trial is urged because there was a general verdict of guilty and the "verdict of guilty on the 2d count was contrary to the evidence and without evidence to support it." This court can not agree with this contention, as there is some evidence to support this count.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED DECEMBER 19, 1930.

*J. C. Newsom,* for plaintiff in error.

*J. D. Godfrey, solicitor,* contra.