### 26483. CHADWICK v. SMITH.

Hawes, Justice. 1. The appeal here is from the order and judgment of the Tattnall Superior Court remanding the petitioner to the custody of the Warden of the State Prison after a hearing on his application for habeas corpus. The first ground of enumerated error is that the trial court erred in declining to read the psychiatric evaluation concerning appellant's mental status at the time of his original trial. The copy of the report of a psychiatrist appointed by the trial judge and submitted to the court prior to sentencing was introduced in evidence in this case. From a reading of the order and judgment appealed from it is not apparent that the trial judge in this habeas corpus hearing did not read or that he refused to consider the psychiatric evaluation of the prisoner. The presumption is that he did consider all evidence legally introduced. There is no merit in this contention.

2. "It was not error for the trial judge to refuse to grant applicant's motion that counsel be appointed for him which motion was made at the beginning of the hearing of his application for

habeas corpus. Whatever may be the nature of a habeas corpus proceeding it is not, strictly speaking, a criminal proceeding such as comes within the constitutional guarantee of the right to representation by counsel. See *Simmons v. Georgia Iron &c. Co.*, 117 Ga. 305 (1) (43 SE 780, 61 LRA 739); *Dutton v. Willis*, 223 Ga. 209 (154 SE2d 221); and Hatfield v. Bailleaux, 290 F2d 632." *Cash v. Smith*, 226 Ga. 318 (3) (175 SE2d 10).

3. The judge did not err in finding as a matter of fact that the petitioner stated in his arraignment hearing that he understood what court he was in and that Mr. Carney represented him. The transcript of the hearing before the judge of the trial court wherein the defendant pled guilty shows that he was carefully and exhaustively examined by the court, by the assistant district attorney and by his own counsel and that he repeatedly stated that he understood the nature of the charges against him and the consequences of pleading guilty and that he understood that he had a right to a trial by a jury and to have witnesses introduced on his behalf. During the course of this hearing the following colloquy occurred: "The court: Mr. Chadwick, what is the name of your attorney? The defendant: Mr. Carney, Hugh Carney. The court: What court are you in this morning? The defendant: I don't know, sir. The court: Would you instruct him, Mr. Carney? Mr. Carney: As I told you previously, you are in Judge Etheridge's court, Fulton Superior Court, Second Division. The defendant: Yes, sir, he did tell me that. I had forgotten. The court: In what court are you this morning? The defendant: Fulton Superior Court, Judge Etheridge." There is no merit in the third contention of the appellant.

4. The judge did not err in remanding the petitioner to the custody of the warden.

*Judgment affirmed. All the Justices concur.*
SUBMITTED APRIL 13, 1971—DECIDED JULY 9, 1971.

Thomas Jefferson Chadwick, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General, for appellee.*