46453. DEVORE v. THE STATE.

PANNELL, Judge. 1. The motion to dismiss is denied.
2. The evidence was sufficient to authorize the verdict and no error is shown requiring the grant of a new trial.
*Judgment affirmed. Bell, C. J., concurs. Deen, J., concurs specially.*
SUBMITTED SEPTEMBER 7, 1971—DECIDED NOVEMBER 30, 1971.

*W. P. Tapp,* for appellant.

*Reid Merritt, District Attorney, Gary L. Davis,* for appellee.

DEEN, Judge, concurring specially. 1. The defendant was convicted of burglary. A motion for new trial was made, one of the grounds being that the trial court had erroneously instructed the jury as to applicable punishments, and a new trial was granted on this issue only. Such a proceeding is permissible. *Simmons v. State,* 226 Ga. 110 (12) (172 SE2d 680). The case was still pending within the meaning of *Code Ann.* § 6-701 (a1) and the defendant had 30 days from the final judgment in which to appeal, and could properly enumerate as error rulings in the course of the main trial, whether or not included in the original motion for new trial. *Code Ann.* § 6-702.

2. After the second jury, which was debating the issue of punishment only, had retired for deliberation, one of the jurors announced that he had served on the grand jury which returned the indictment in this case, and counsel for the defendant then moved for a mistrial. It appears that the juror's name appeared in the list on the indictment and that the defendant had waived copy of the indictment. This amounts to lack of diligence in ascertaining the disqualification prior to trial of the issue so as to constitute a waiver of the disqualification. *Rogers v. State,* 42 Ga. App. 407 (1) (156 SE 323).