26957. DIXON v. CALDWELL.

SUBMITTED JANUARY 10, 1972—DECIDED FEBRUARY 11, 1972.

Tommie Dixon, *pro se.*

Arthur K. Bolton, Attorney General, Harold N. Hill, Jr.,
*Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General,* for appellee.

MOBLEY, Presiding Justice. Tom Dixon was convicted of armed robbery in the Superior Court of Dougherty County, and sentenced to imprisonment of 20 years. He filed his petition for writ of habeas corpus asserting the illegality of his restraint. He represented himself in the habeas corpus court, and in the appeal in this court.

1. The first error enumerated is that the appellant was denied an attorney to represent him in the habeas corpus proceeding. This court has repeatedly held that a habeas corpus proceeding is not such a criminal proceeding as comes within the constitutional guarantee of the right to representation by counsel. See *Chadwick v. Smith,* 227 Ga. 753 (182 SE2d 896).

2. Enumerated error 2 alleges that he was denied a transcript of his trial proceedings, which is a necessary incident for an appeal. The appellant made no showing that he was denied a transcript for the purpose of appeal.

3. Enumerated error 3 alleges that the appellant was denied his right to have his witnesses testify in his habeas corpus hearing. The appellant desired to subpoena as witnesses the judge who tried his criminal case, the foreman of the grand jury, the foreman of the petit jury, and numerous other persons, all residing out of the county in which the habeas corpus proceeding was tried. The record shows that these witnesses were not tendered the mileage and per diem required to be paid witnesses residing out of the county in order to compel their attendance. See *Neal v. Smith,* 226 Ga. 96 (6) (172 SE2d 684).

4. Enumerated error 4 asserts that the court erred in denying relief to the appellant on the ground of "misrepresentation" of counsel. The habeas corpus petition alleged

"misrepresentation" of appointed counsel in the following particulars: Counsel did not challenge the petit jurors, although the appellant told counsel that there was one member of the jury who was prejudiced against him; counsel did not advise him of an appeal; when he contacted counsel concerning an appeal, counsel refused to acknowledge the request; counsel did not advise him that he could appeal as a pauper; counsel did not advise him how to file a notice of appeal; since his incarceration he has repeatedly contacted counsel about an appeal to no avail.

The only evidence on the habeas corpus hearing to support these allegations was the reading by the appellant of his petition to the court, after he had been sworn as a witness in his own behalf. No evidence was offered by the State on this ground.

Counsel representing a client in a criminal case must exercise his discretion in the selection of a jury. The allegation by the appellant, which was read into evidence, did not show such incompetence in the selection of a jury as to require a ruling that the appellant's counsel misrepresented him. There was no evidence that counsel representing the appellant in his criminal trial was appointed to represent him on appeal, or to advise him concerning an appeal.

The allegations of the petition, read as testimony in the habeas corpus hearing, were insufficient to show misrepresentation of the appellant by appointed counsel.

*Judgment affirmed. All the Justices concur.*