## 27431. GREEN v. CALDWELL.

JORDAN, Justice. Hershel Green is an indigent inmate of Georgia State Prison serving a 20-year sentence for burglary imposed in Lee Superior Court on May 4, 1961, and a concurrent 5-year sentence for escape imposed in Gwinnett Superior Court on May 21, 1970. In November, 1971, he initiated a habeas corpus proceeding in Tattnall Superior Court, and after a hearing the habeas corpus judge remanded him to the custody of the respondent warden.

The appeal here is from that order. Green asserts numerous

errors including the refusal of the habeas corpus judge to subpoena witnesses; the refusal of the habeas corpus judge to appoint counsel; the refusal of the habeas corpus judge to allow lay counsel after refusing to appoint counsel; the failure of the habeas corpus judge to read or consider Exhibit A to his petition; the finding of fact of the habeas corpus judge that the petitioner failed to inform his counsel at the burglary trial of the names of defense witnesses; that he was denied a continuance to get witnesses; that he was seen by the jurors in chains and irons while filthy and unkempt, one of whom was his accuser as a member of the grand jury, which was then followed by a denial of a first stage appeal, resulting from his own ignorance and the failure of the trial judge or counsel to advise him of his right to appeal. *Held:*

1. The assertion that the habeas corpus judge erred in refusing to subpoena certain witnesses as requested by the petitioner is without merit. It appears from the transcript that subpoenas were issued for their attendance but the hearing judge refused to compel their attendance after making a finding that one of the witnesses was desired by petitioner to assist him as lay counsel; that one would testify only as to the escape sentence which was not relevant since no ruling was made on the escape sentence; that one would testify only on the issue of guilt or innocence; that petitioner had not tendered mileage or per diem to two witnesses who did not reside in the county where the hearing took place. This being a civil proceeding the petitioner, though indigent, was not entitled to have such witnesses at public expense. *Dixon v. Caldwell,* 228 Ga. 658 (3) (187 SE2d 292).

2. The petitioner was not entitled to appointed counsel to represent him at the habeas corpus hearing. *Chadwick v. Smith,* 227 Ga. 753 (2) (182 SE2d 896); *Chatman v. Caldwell,* 229 Ga. 337 (191 SE2d 63).

3. Nor was the petitioner entitled to the assistance of lay counsel, appointed or otherwise. The right of a person to prosecute his own cause in any court of this State, in

person or by attorney, as guaranteed by the Constitution of Georgia (Art. I, Sec. I, Par. IV; *Code Ann.* § 2-104) refers to an attorney at law in the commonly accepted meaning of the term and as defined by the laws of this State. See *Code Ann.* §§ 9-101, 9-401. It does not include a layman inmate of the Georgia State Prison.

4. Under the evidence the hearing judge was authorized and did determine that the petitioner had failed to prove that Marvin Childers who served on the grand jury which indicted the petitioner for burglary also served on the petit jury which convicted him. The hearing judge, assuming that the same Marvin Childers served on both juries, ruled that this fact per se was insufficient for habeas corpus relief.

We agree with the hearing judge. The petitioner was represented by counsel at the burglary trial. If an accused or his counsel had knowledge of the disqualification of a petit juror, in that he had served on the grand jury, or by proper diligence could have ascertained the fact, and interposed no objection in the trial court, the accused is deemed to have waived the disqualification. *Booker v. State,* 183 Ga. 822 (2) (190 SE 356); *Sapp v. State,* 116 Ga. 182 (42 SE 410); *Rogers v. State,* 42 Ga. App. 407 (156 SE 323). It is settled law that habeas corpus is not a substitute for appeal for the correction of errors or irregularities. *Poss v. Smith,* 228 Ga. 168 (184 SE2d 465).

5. The finding of fact by the habeas corpus judge that the petitioner failed to inform his counsel at the burglary trial of the names of his defense witnesses is supported by the evidence adduced at the hearing. Petitioner admitted that he did have an opportunity to talk with his counsel, but did not tell him the names of any witnesses. His counsel was called as a witness and recalled that he wanted a continuance, but could not remember the reason. In our opinion the petitioner failed to establish the denial of any constitutional right to witnesses in his behalf at the burglary trial, or that the failure to grant a continuance was a violation of any constitutional right.

6. The remaining enumerations, to the extent not heretofore ruled upon, are without merit. We conclude from a study of the record and transcript that the hearing judge did not err in determining that no constitutional rights are shown to have been violated in respect to the conviction and sentence for burglary, and that having reached this conclusion it was unnecessary for him to consider the legality of the concurrent sentence for escape based on a guilty plea.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1972—DECIDED OCTOBER 23, 1972.

Hershel Green, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General, Frank M. Palmour, Deputy Assistant Attorney General,* for appellee.