**Tommie (Tom) DIXON, Petitioner-Appellant,**

v.

**E. B. CALDWELL, Jr. Warden, Georgia State Prison, Respondent-Appellee.**

No. 72–2644

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 27, 1972.

Michael Russ, Atlanta, Ga. (Court Appointed), for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., Daniel I. MacIntyre, Courtney Wilder Stanton, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

GOLDBERG, Circuit Judge:

This is an appeal from the denial of a petition for a writ of habeas corpus. The United States District Court for the Middle District of Georgia denied the petition without conducting an evidentiary hearing because it concluded that the merits of petitioner's allegations were resolved in previous state court proceedings. 28 U.S.C.A. § 2254. We have independently studied the record,

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

and finding that some of petitioner's claims have not been adequately considered in any previous proceeding, we reverse and remand.

In January of 1970, petitioner, Tommie Dixon, was tried before a Georgia jury and convicted of the offense of armed robbery. He was then sentenced to serve twenty years imprisonment by the Superior Court of Dougherty County, Georgia. Petitioner did not take a direct appeal from that conviction, but on March 22, 1971 he filed a pro se application for a writ of habeas corpus in the Superior Court of Tattnall County, Georgia. Petitioner alleged, among other claims, that his imprisonment was contrary to the Constitution and laws of the United States because (1) he had been denied the assistance of counsel in his efforts to appeal his conviction, and (2) he had been denied the use of a free transcript of his trial, which was needed to prosecute his appeal.

At the state habeas proceedings petitioner testified that his court-appointed attorney in the trial court had not advised him of his right to appeal, had never contacted him concerning an appeal, and had refused to acknowledge petitioner's requests to prepare an appeal on his behalf. Petitioner further testified that he had been denied a free transcript of his trial proceedings despite his efforts to secure one. Petitioner attempted to subpoena a number of witnesses to appear at the state habeas proceedings, among them his court-appointed attorney at the state trial, but his subpoenas were not served because he did not tender the required fees.[1] On cross-examination the respondent did not challenge the petitioner's testimony that he had been denied his constitutional right to counsel and to a free transcript on appeal. Although petitioner did not present any corroborative testimony, the state did not produce any evidence that in any way refuted petitioner's allegations.

In ruling on petitioner's claim that he was denied the effective assistance of counsel on appeal, the state habeas court held that "[t]he petitioner . . . offered no evidence in support thereof of this contention. It was therefore without merit." The court's order did not mention petitioner's claim that he had been denied a free transcript.

The Supreme Court of Georgia, affirmed the state court's denial of habeas relief. Dixon v. Caldwell, 1972, 228 Ga. 658, 187 S.E.2d 292. In answering petitioner's first claim, the Court held:

"[4] 4. Enumerated error 4 asserts that the court erred in denying relief to the appellant on the ground of 'misrepresentation' of counsel. The habeas corpus petition alleged 'misrepresentation' of appointed counsel in the following particulars: Counsel did not challenge the petit jurors, although the appellant told counsel that there was one member of the jury who was prejudiced against him; counsel did not advise him of an appeal; when he contacted counsel concerning an appeal, counsel refused to acknowledge the request; counsel did not advise him that he could appeal as a pauper; counsel did not advise him how to file a notice of appeal; since his incarceration he has repeatedly contacted counsel about an appeal to no avail.

"The only evidence on the habeas corpus hearing to support these allegations was the reading by the appellant of his petition to the court, after he had been sworn as a witness in his own behalf. No evidence was offered by the State on this ground.

---

1. At the state habeas proceedings, in his federal habeas petition, and now, in this appeal, petitioner has contended that he was denied equal protection of the law in the state habeas proceedings because counsel was not appointed to assist him and because he was not given free subpoena power. We do not find that those contentions must be answered in order to dispose of this appeal, and we expressly pretermit any decision on those points.

"Counsel representing a client in a criminal case must exercise his discretion in the selection of a jury. The allegation by the appellant, which was read into evidence, did not show such incompetence in the selection of a jury as to require a ruling that the appellant's counsel misrepresented him. There was no evidence that counsel representing the appellant in his criminal trial was appointed to represent him on appeal, or to advise him concerning an appeal.

"The allegations of the petition, read as testimony in the habeas corpus hearing, were insufficient to show misrepresentation of the appellant by appointed counsel."

187 S.E.2d at 293.

In disposing of petitioner's second contention, the Court said that "[t]he appellant made no showing that he was denied a transcript for the purpose of appeal." 187 S.E.2d at 293.

The federal petition for a writ of habeas that is the subject of this appeal was filed on April 11, 1972. Petitioner alleged once again that he had been denied the assistance of counsel in his attempt to appeal his state conviction and that he had been denied a free transcript for use in his appeal. Respondent filed a motion to dismiss or in the alternative for summary judgment on the grounds that the constitutional issues had already been determined adversely to petitioner in the state habeas proceedings. A transcript of the state habeas proceedings, together with the pleadings and other documents constituting the record in that action, was attached to respondent's motion. Five days later, without having conducted an evidentiary hearing, the United States District Court denied petitioner's application for a writ. The Court held:

"His contention that he was not represented by effective counsel at the time of his state court trial is a matter concerning which the state court judge conducted a full hearing and which the Supreme Court of Georgia dealt with. Both of these state courts considered this contention and concluded that the record showed nothing to establish the Petitioner's contention in this regard, the only evidence in the record being the statement of the Petitioner himself that he was not adequately represented. The state court judge had ample basis for discrediting the Petitioner's self-serving testimony. The state court judge fully advised the Petitioner of his right to adduce evidence from other witnesses if he chose to do so by means of propounding written interrogatories and Petitioner declined to do so.

"This Court has reviewed the record made in the state court hearing and has determined that the state court judge gave the Petitioner a full and fair hearing on each of the issues appropriate for consideration and, having heard all of the Petitioner's allegations and all of the evidence which he could offer, the state court judge determined that the Petitioner's rights had not been violated. Clearly, the state court judge conformed to the requirements of 28 U.S.C. § 2254 and in doing so resolved all of the material issues of fact against the contentions of the Petitioner, and in the view of this Court properly so.

"This Court determines that there is no basis for further consideration of this application and it is, therefore, ordered that the same be and the same is hereby dismissed."

The District Court did not mention petitioner's contention that he was denied a free transcript for the purpose of appeal.

A careful reading of the opinions and orders entered in the instant proceeding reveals that neither petitioner's claim that he was denied the effec-

tice assistance of counsel on appeal, nor his claim that he was denied a free transcript of his trial for the purposes of appeal, has ever been appropriately confronted and ruled upon by any court of law. The courts of the State of Georgia rejected petitioner's claims solely because he did not support them by corroborative testimony. The Georgia courts never made a factual finding concerning the credibility of the petitioner or of the evidence he presented. The federal district court has thus relied upon state court "fact-findings" that were never made.

Although it is true that "[c]redibility is for the trier of the facts and the uncontradicted testimony of a witness does not have to be accepted," Tyler v. Beto, 5 Cir. 1968, 391 F.2d 993, 995, this is not to say that the uncontradicted testimony of a witness does not have to be considered and can never be accepted. That the state habeas court felt that it need not consider uncorroborated testimony, rather than that it did not believe that testimony, can be seen in its holding that petitioner's claim was without merit because he ". . . offered no evidence in support thereof of this contention." The state habeas court never purported to rule on petitioner's credibility; rather it dismissed his petition because it refused to consider his uncorroborated testimony.

In affirming the state habeas court, the Supreme Court of Georgia likewise made no factual findings. The Supreme Court rejected petitioner's claim that he was denied a transcript of his trial because "[t]he appellant made no showing that he was denied a transcript for the purpose of appeal." Dixon v. Caldwell, 187 S.E.2d at 293. Because petitioner had testified concerning his inability to obtain a free transcript, the Supreme Court of Georgia must therefore have felt that his uncorroborated testimony was not sufficient to raise the constitutional issue, and its affirmance was not a ruling on petitioner's credibility because the state habeas court itself had not made a credibility determination.

The Supreme Court of Georgia intertwined its consideration of petitioner's assertion that he was not adequately represented by counsel at trial with his claim that he was denied the assistance of counsel on appeal. It held that he was adequately represented by appointed counsel and that "[t]here was no evidence that counsel representing the appellant in his criminal trial was appointed to represent him on appeal, or to advise him concerning an appeal." Dixon v. Caldwell, 187 S.E.2d at 293. This holding does not show that the Supreme Court of Georgia "concluded that the records showed nothing to establish the petitioner's contention in this regard . . .," as the district court held; rather it shows that the Supreme Court of Georgia agreed that the petitioner did not have the assistance of counsel on appeal. The state habeas proceedings considered in their entirety thus failed to resolve the merits of petitioner's factual contentions and accordingly cannot be relied upon by a federal district court. Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

The constitutional principles that petitioner seeks to have vindicated by means of his habeas petition are so well established that we deem it sufficient to say that petitioner has alleged facts that, if true, establish a violation of the right to the assistance of counsel on appeal, Lumpkin v. Smith, 5 Cir. 1971, 439 F.2d 1084, and to the use of a free transcript of his state court trial for the purpose of appealing his sentence and conviction. Griffin v. Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. In denying the instant habeas petition without conducting an evidentiary hearing, the district court relied on an evidentiary record that failed to resolve the merits of petitioner's factual contentions. The case must therefore be reversed and remanded to the district court for an evidentiary hearing on petitioner's claims,

which we find are not directly refuted by factual determinations in the state habeas court. Townsend v. Sain, *supra*; Sloan v. Wainwright, 5 Cir. 1972, 469 F.2d 390 (November 15, 1972).

The district court should conduct an evidentiary hearing to determine if petitioner's claims that he was not effectively represented by counsel on appeal and that he was denied the use of a free transcript of his state court trial for the purposes of appeal are true. If the court so finds, it should then determine the appropriate habeas relief. On remand the court below should also investigate any other habeas claims raised by petitioner. If such claims cannot be adequately disposed of from a consideration of the record, the district court should allow petitioner to present evidence on those claims at the evidentiary hearing.

28 U.S.C.A. § 2254 invokes not a perfunctory rite but a statutory command to vouchsafe constitutional rights by an evidentiary hearing unless it would be a superfluity. Corroboration of a petitioner's testimony is neither a statutory nor a constitutional requirement. We do not asseverate that the trial court could not find Dixon disentitled to belief, but no judge, be he robed by state or nation, has made this finding. Orwell's *1984* has not yet arrived and we do not have all seeing eyes and all hearing ears, and unless and until that fateful day comes corroboration is not an inherent concomitant of the Great Writ of Habeas Corpus. We have no *per se* rule to deny the Writ if the petitioner lacks corroboration. The judge is free to find a supplicant for the Writ a prevaricator in his testimony, but where there is no contradictory testimony the state court must explicitly and unequivocally so find before a federal court can deny the Writ without an evidentiary hearing. The Writ is made of sterner stuff.

Reversed and remanded with instructions.