Robert T. WALKER, Petitioner-Appellant,

v.

E. B. CALDWELL, Warden, Georgia State Prison, Respondent-Appellee.

No. 72-2945
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 1, 1973.

C. Ronald Ellington, Prof. of Law, School of Law, University of Ga., Ath-

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

ens, Ga., Court-appointed, Donald E. Wilkes, Jr., Asst. Prof. of Law, School of Law, University of Georgia, Athens, Ga., Court-appointed co-counsel, for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

This habeas corpus petitioner, Robert T. Walker, pled guilty in Georgia state court to charges of murder and robbery, resulting in a life sentence and a concurrent 20-year sentence. In 1968, he filed a Georgia state habeas corpus petition alleging three grounds (which are not at issue in this habeas petition), and during a hearing said in testimony about his counsel: (1) "he tell me one thing, and when it comes out, it's another"; and (2) "when they appoint you a lawyer, well, he don't really take full interest in the case anyway, just to get you out of the way." Now the petitioner is contending that what he meant is (1) that he thought only a 20-year sentence would result from a guilty plea (instead of the life and concurrent 20-year sentence), so the plea was involuntary; and (2) that he was represented by ineffective counsel. In the 1968 habeas case the state district judge ruled that petitioner was represented by effective counsel (even though that question was not raised in the petitioner's complaint). Walker filed another state habeas petition raising substantially the same issues as this petition, but it was returned to him "without sanction" for the reason of being repetitious. The Georgia Supreme Court refused to docket Walker's "Writ of Review of Habeas Corpus." Then the federal district judge ruled on the merits that the "Georgia court has conducted a full and impartial hearing squarely into the merits of petitioner's application." Accordingly, he denied any further hearing and denied habeas relief. We reverse.

First, the state habeas hearing was inadequate for the reason that no meaningful hearing was held on the allegations raised in the present complaint. Second, while the state court ruled on the adequacy of counsel, the court did not rule on the voluntariness of the plea (since at no time did petitioner in the first habeas case specifically allege that he expected only a 20-year sentence). Petitioner has exhausted his state court remedies on these two allegations by virtue of the later state habeas effort. The federal district judge is obliged to hold an evidentiary hearing on the issue of adequacy of counsel and voluntariness of plea raised in the present complaint. See Dixon v. Caldwell, 5 Cir., 1972, 471 F.2d 767.

Reversed and remanded.