COSTELLA *v.* CIVIL SERVICE COMMISSION OF DAYTON.

(Decided February 7, 1930.)

*Mr. L. E. Speer,* for plaintiff in error.
*Mr. J. B. Harshman,* city attorney, and *Mr. Mason Douglass,* for defendant in error.

ALLREAD, J. The original action was brought in the court of common pleas on July 30, 1928. The action was brought by Edward W. Costella against the civil service commission of the city of Dayton to compel the commission to deliver to the stenographer a copy of the stenographic notes taken on an appeal to the civil service commission from an order made by the board of education removing Costella from his position as an employee. It appears from the petition that Costella was removed by the board of education of the city of Dayton upon a charge of

insubordination, failure of duty, failure to properly care for the property of the Daniel Kiser High School, and for the circulation of false and malicious statements concerning the operation of said school.

The appeal was tried before the civil service commission of the city of Dayton, and the hearing occurred on the 17th and 18th of January, 1927. Several witnesses were examined, and the finding of the civil service commission was rendered on January 20, 1927, and was adverse to the interest of the relator upon the ground of "inefficiency."

A motion for a rehearing was filed by the relator within three days, and said motion was overruled by the commission.

Within forty days after the finding of said board a demand was made by the stenographer for the stenographic notes of the proceedings, from which to prepare a bill of exceptions, which would include a transcript of the evidence. The civil service board refused, and still refuses, to deliver said stenographic notes to the stenographer. The relator therefore prayed that a writ of mandamus issue, as provided by law. Afterwards an amended petition was filed, to which a demurrer was sustained. From the sustaining of the demurrer to the amended petition the relator prosecuted error.

It is contended on behalf of the defendant that the time for filing a bill of exceptions and prosecuting error under the provisions of Section 12241, General Code, has long since gone by, and that there is no proper purpose for obtaining the transcript of the evidence.

Section 12241 is the general section which confers jurisdiction upon the court of common pleas on error

from the probate court and other tribunals inferior to the court of common pleas.

We may concede the right of a party to the proceedings to prosecute error in the court of common pleas from the judgment of the civil service commission. The error so prosecuted would, of course, relate to the charges made and to the judgment upon the charges. We find no statute authorizing the civil service commission to allow a bill of exceptions containing a part or all of the evidence. Especially is it true that the civil service commission was not authorized to allow a bill of exceptions after the final trial and judgment. A decision upon this question is found in the case of *Village of Germantown* v. *Basore,* 22 C. C., 417, 12 C. D., 500. The law and the decisions up to that time were reviewed, and it was there held that, in the absence of some legislative authority, no bill of exceptions can be allowed.

We are therefore of opinion that in the present state of the statutory law of this state no bill of exceptions is authorized in cases on error from the civil service commission.

Counsel here did not file a petition in mandamus for more than a year after the judgment of the civil service commission, and did not make any demand for the bill of exceptions until forty days after the said judgment.

We are of opinion that Section 486-17a of the General Code furnishes the only remedy by appeal in a civil service case. By the provisions of that section any public employee within the civil service may be removed upon charges, and may appeal from the decision of his employer to the civil service commission, whereas the ordinary public employee has no

remedy by appeal to prevent his removal or to secure his reinstatement. This statute provides for an appeal, in the case of a removal of a chief of police or chief of the fire department of a municipality, to the court of common pleas, where the grounds of removal may be again tried.

Counsel for the plaintiff in error insists that he has a right to a transcript of the testimony written out by the stenographer, under the provisions of Section 12264, General Code. This section, however, does not relate to a transcript of the testimony, but only to a transcript of the proceedings, including the final judgment. This does not authorize the plaintiff to an extended record of the testimony taken on the trial of an appeal and not incorporated in any way in the proceedings, and especially is that true where no use of such testimony is set forth in the petition.

We are therefore of opinion that the petition in mandamus was not sufficient, and that the demurrer thereto was properly overruled.

*Judgment affirmed.*

KUNKLE, P. J., concurs.

HORNBECK, J., concurs in the judgment.