## 52409. VAN SCOIK v. THE STATE.

PANNELL, Presiding Judge.

The defendant was tried twice for the offense of armed robbery. The first trial resulted in a mistrial; the

second trial resulted in conviction of robbery by intimidation. He appeals the judgment of conviction.

Appellant contends that he was placed in jeopardy for his life more than once for the same offense. He argues that the court abused its discretion in the grant of a mistrial on the first trial of the case.

The transcript from the first trial of the case shows that the trial judge decided after several hours of jury deliberation to declare a mistrial. Defense counsel stated that the defendant did not acquiesce in the action of the court. The trial judge responded that it was within his discretion to grant a mistrial; but that he would allow the jury to continue deliberation if defense counsel would state his objection in the presence of the jury. The defendant refused to make such an objection. The trial judge called in the jury and asked the foreman if the jury was hopelessly deadlocked. The foreman responded that it was and that there was no possibility of reaching a verdict. The judge then declared a mistrial.

"The length of time during which a jury should be required to consider a case before discharging them and ordering a mistrial is within the discretion of the trial judge, and this court will not interfere with the exercise thereof, unless manifestly abused." *Driver v. State,* 112 Ga. 229 (2) (37 SE 400). The record shows that the trial judge declared a mistrial because he was convinced that the jury could not agree on a verdict. The defendant was not harmed by the trial judge's offer to allow the jury to continue deliberations if defense counsel objected in the presence of the jury. The trial judge could have properly granted a mistrial over the objection of defense counsel if he was convinced that the jury could not reach a verdict. See *Lovett v. State,* 80 Ga. 255 (1) (4 SE 912).

We find no abuse of discretion in the trial court's declaration of a mistrial upon the first trial of defendant's case. "[T]he authorities are clear that where the grant of a mistrial results from the inability of the jury to agree on a verdict which makes the discharge of the jury necessary and the completion of the trial impossible, a second trial for the same offense or for an offense growing out of the same acts is not barred and does not violate the guaranty against double jeopardy." *Hobbs v. State,* 229

Ga. 556, 558 (192 SE2d 903).

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

ARGUED JULY 6, 1976 — DECIDED JULY 9, 1976.

*Douglas L. Breault,* for appellant.

*E. Mullins Whisnant, District Attorney, William R. Smith, Lovick Anthony, Assistant District Attorneys,* for appellee.