## 56967. ELDERS v. THE STATE.

McMURRAY, Judge.

Defendant was indicted, tried and convicted of the offense of violation of the Georgia Controlled Substances Act in the unlawful possession of phencyclidine, a Schedule III drug of the Georgia Controlled Substances Act. He was sentenced to serve a term of three years. Defendant appeals. *Held:*

1. A jury trial was waived, and the defendant was convicted by the court upon evidence resulting from a warrantless search of the defendant in which phencyclidine was found on his person. It was stipulated that the crime laboratory report indicated that the tablets found in his possession were "positive for phencyclidine, Schedule III." All of the enumerations of error are concerned with the denial by the trial court of defendant's motion to suppress the evidence seized in a search which defendant contends was an unlawful search and seizure.

During the hearing by the trial judge on the motion to suppress it was revealed that a search warrant was carried out on the premises of another (one Buddy Barr) in

which all persons found on the premises or who may enter the premises were allowed to be searched to prevent disposal or concealment of contraband. The search commenced following an hour of continual surveillance. While executing the search warrant numerous telephone calls were received and many people were arrested. Prior to the defendant's arrival at the search site a detective testified that another detective received three telephone calls from someone named "Tommy." The telephone message received was that Tommy would arrive in five minutes with "100 hits of Tab 'T.' Som one [sic] at that address was supposed to have money for the tab 'T.' He was bringing it to Buddy. And, from the conversation, we gathered that Buddy was supposed to sell the 'T' and Tommy was supposed to bring it to Buddy. And, Buddy was having the money there for the 'T.'" A white male (subsequently determined to be Tommy, the defendant) came to the search site, asked for "Buddy," and was told he was in the back room. Whereupon the detective identified himself and executed the search of the defendant, at which time the phencyclidine tablets were found. There was ample evidence of probable cause to make the warrantless search and the arrest of the defendant. An officer has the authority to arrest anyone of whom he has reasonable suspicion that he has committed a felony without first obtaining a warrant. *Robinson v. State,* 93 Ga. 77, 87 (18 SE 1018); *Richardson v. State,* 113 Ga. App. 163 (1) (147 SE2d 653). Compare *Peters v. State,* 114 Ga. App. 595 (152 SE2d 647). The evidence presented at the motion to suppress hearing showed that probable cause existed wherein the facts and circumstances within the officer's knowledge were sufficient in themselves to warrant a belief by a man of reasonable caution that a crime had been or is being committed. See Brinegar v. United States, 338 U. S. 160 (69 SC 1302; 93 LE 1879); *Novak v. State,* 130 Ga. App. 780 (204 SE2d 491). The facts and circumstances were sufficient to show not only probable cause but also that there was likely to be a failure of justice for want of an officer to issue a warrant if an arrest were not made immediately. Hence, the arrest of the defendant without a warrant was lawful. See Code § 27-207; *Bloodworth v.*

*State,* 113 Ga. App. 278, 279 (147 SE2d 833); *Chaney v. State,* 133 Ga. App. 913, 916 (213 SE2d 68). The trial court did not err in refusing to suppress the evidence and allowing the contraband in evidence in the bench trial against the defendant.

2. The trial court did not err when it excluded from evidence at the motion to suppress hearing a preliminary hearing transcript containing the testimony of a person not a witness at that hearing. Defendant contends the court erred in refusing to consider this evidence of a prior proceeding in the same case "for the purpose of impeachment." This was the testimony of the other detective made at the preliminary hearing. The search of the defendant was conducted by the detective testifying at this motion to suppress hearing. The absent witness had not been subpoenaed and it was not shown that this witness was deceased, disqualified or inaccessible for any cause so as to allow his testimony given under oath on a· former trial as authorized by Code § 38-314. The trial court did not err in excluding this testimony inasmuch as it was in the discretion of the court as to whether to allow same. See *Tanner v. State,* 213 Ga. 820, 821 (102 SE2d 176) and cits.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

Submitted January 8, 1979 — Decided February 22, 1979.

*Martin L. Cowen, III,* for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.