## 57245. GILES v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals from a revocation of his probated sentence. Police officers executed a search warrant at 428-B Green Street in Monroe, Georgia, on June 30, 1978. The defendant and his wife lived there. They found syringes, marijuana, phenomine, amphetamines, "phencyclodine," codeine, and cocaine. His probation was revoked. He brings this appeal. *Held:*

1. Defendant has enumerated five errors. Enumerations 3, 4, and 5 are based on the general grounds. Enumerated error 2 alleges that the court erred in hearing testimony on the evidence seized as it was seized as a result of an illegal search warrant. The first enumeration alleges that the court erred in failing to suppress the evidence — for five reasons. Thus, we need determine only the first enumerated error. If the search warrant was lawfully issued, the evidence was admissible and was sufficient to support the revocation of probation. If the warrant was defective, the evidence was inadmissible, and inadmissible evidence may not be used to revoke probation. *Amiss v. State,* 135 Ga. App. 784 (219 SE2d 28); but see 77 ALR3d 641 for the majority rule; compare *Hunter v. State,* 139 Ga. App. 676 (2) (229 SE2d 505).

2. (a) The defendant contends the information presented to the justice of the peace issuing the search warrant was stale. The affidavit stated that an informant had been on the premises of "428B Green Street" "within the past five days" and observed a "large amount of marihuana." The affidavit was executed "6/24/78/" The warrant was issued on "this 24th day of June 1978." In *Clyatt v. State,* 126 Ga. App. 779, 781 (192 SE2d 417), this

court held that the information in the affidavit on which the warrant was based was not stale. The period was personal observation at the defendant's apartment "within a week." In *Grant v. State,* 130 Ga. App. 237 (1) (202 SE2d 675), there was a "five day interval between the date of the affidavit and the date of the information" and we held this period "will not render the warrant invalid on the ground that the information was stale." Under the tests enumerated in *Mitchell v. State,* 239 Ga. 456, 458 (238 SE2d 100), and *State v. Boswell,* 131 Ga. App. 657, 660 (206 SE2d 682), we do not find the period involved in this affidavit to render the information stale.

(b) It is alleged that the address on the warrant, "428B Green Street" was an incorrect designation of the house searched. It is contended that the correct address was "428B Irving Street." We do not agree. The affiant received the description and location of the house from another police officer who received it from the informant. The affiant — without difficulty found the house — "428B" located on a street, designated by a street sign at the corner as "Green Street." He consulted the city directory and it was listed as "Green Street." A map of that portion of the city — introduced at trial, showed the street to be "Green Street." Evidence of the defendant that his father put in the street and named it after himself — "Irving," and that residents living on the street receive mail addressed to "Irving Street" would not affect the legality of a warrant listing the street by the name officially designated by the city.

(c) Defendant next argues that since the warrant was issued in the name of "Irving Giles" it is ineffective as authority to search the residence of the defendant — Michael A. Giles. We do not agree. The building was correctly described. Its location was pinpointed by directions, and by street name and number. The city directory listed the house as being owned by "Irving Giles." The affiant also stated in the affidavit that "from personal observation in the past [he had] seen several known drug violators at said premises."

We do not find fatal error for several reasons. The Code requires the warrant "particularly describe the place *or* person, or both, to be searched and things to be

seized . . ." Code Ann. § 27-303 (Ga. L. 1966, pp. 567, 568). (Emphasis supplied.) This search warrant was issued primarily to search a place — not a person. The affidavit described only "the entire premises located at 428B Green Street. . ." Thus, although the warrant was issued in the name of the registered owner, the affidavit clearly shows the warrant was directed toward the commission of a felony at that address. In *Holloway v. State,* 134 Ga. App. 498, 500 (215 SE2d 262), we held that "[t]he lack of description of the person to be searched does not void the search and seizure of items found in a search of the *place.*" Even a "John Doe" warrant is legally sufficient "for a search of described premises." *Fowler v. State,* 128 Ga. App. 501 (197 SE2d 502), U. S. cert. den. 414 U. S. 1000. "Although desirable, a search warrant otherwise sufficient is not rendered invalid by the omission of the name of the owner or occupant of the premises to be searched." Hanger v. United States, 398 F2d 91, 99 (8th Cir. 1968), cert. den. 393 U. S. 1119, reh. den. 395 U. S. 971. In view of the authorities cited, we do not find fatal the listing of the owner of the premises — rather than the occupant of the premises, where the primary object of the warrant was the search of the premises. See generally 68 AmJur2d 733, Searches and Seizures, § 79; 79 CJS 892, Searches and Seizures, § 81 (3).

(d) It is contended that the reliability of the informer was not established. The affidavit stated that the informant had given information to a deputy sheriff "one time in the past which led to the arrest of one person for the possession of Marihuana." The affiant backed up the allegation of the personal observation of the informant with his own "personal observation in the past [that he had] seen several known drug violators at said premises."

The U. S. Supreme Court has held that information gathered by arresting and investigating officers can be used to support probable cause. Whiteley v. Warden, 401 U. S. 560, 567 (91 SC 1031, 28 LE2d 306). The Second Circuit in a situation analagous to the instant case held that even though an informant did not have a previous track record of reliability, this was not the only means to establish his trustworthiness. They stated that independent surveillance, corroborative of the

informant's information may be sufficient to establish his reliability and form a substantial basis for crediting his hearsay under the ruling of United States v. Harris, 403 U. S. 573 (91 SC 2075, 29 LE2d 723). Mapp v. Warden, 531 F2d 1167 (2d Cir. 1976), cert den. 429 U. S. 982. Furthermore, in Harris, the U. S. Supreme Court stated that "this Court in Jones [v. United States, 362 U. S. 257 (80 SC 725, 4 LE2d 697)] never suggested that an averment of previous reliability was necessary." By this discussion, we do not intend to intimate that a track record of one correct previous informational package is not sufficient to establish trustworthinesss of an informant. The first determination must be made by the issuing magistrate and we will give his decision great weight if the issue is raised on appeal. In the instant case we find the warrant is not deficient for the reason stated.

(e) The last enumeration of error is found to be without merit in light of the foregoing.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED FEBRUARY 7, 1979 — DECIDED MARCH 8, 1979.

*Robert E. Reily, III,* for appellant.
*Jim Morgan, District Attorney, Charles E. Day, Assistant District Attorney,* for appellee.