## 59026. TURNER v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted for the offense of abandonment (wilfully and voluntarily) of his illegitimate child and leaving said child in a dependent condition. He was notified by the clerk of the superior court of an arraignment date and thereafter he waived formal arraignment and pleaded not guilty in the Superior Court of Wayne County, Georgia. The superior court, noting that the case was a misdemeanor, transferred it to the State Court of Wayne County.

Whereupon defendant moved that the case be dismissed by the State Court of Wayne County since he contended that issue was joined in the superior court and that he should not be tried in the state court. This motion was overruled.

The case proceeded to trial, and the jury found the defendant guilty. He was sentenced to serve 12 months, but the sentence was "suspended indefinitely" on condition that he pay support for the child at the rate of $25 per week beginning June 22, 1979, and continuing until the child marries, becomes self-supporting, dies, or becomes 18 years of age, said payments to be made to the state probation office, Jesup, Georgia. Defendant appeals. *Held:*

1. The first and second enumerations of error are concerned with the status of the case by reason of its transfer from the Superior Court of Wayne County to the State Court of Wayne County, both courts having

concurrent jurisdiction in this instance. Defendant contends that by reason of his plea of not guilty that the issue was joined in the superior court and the case could not be transferred to the state court. However, counsel cites no authority for this contention.

The superior court had ample authority to transfer the case to the state court for trial. See *Dismuke v. State,* 105 Ga. 589 (1), 590 (31 SE 561); *Towns v. State,* 28 Ga. App. 500 (1) (111 SE 692). Nor was the defendant placed in jeopardy by his plea of not guilty in the superior court before the case was transferred to the state court. "A defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled and a jury has been impaneled and sworn. *Jones v. State,* 232 Ga. 324 (206 SE2d 481)." *Shaw v. State,* 239 Ga. 690, 692 (1) (238 SE2d 434).

Code Ann. § 26-507 (Ga. L. 1968, pp. 1249, 1267) clearly states that a prosecution is barred if the accused was formerly prosecuted for the same crime, based upon the same material facts, if such formal prosecution was terminated improperly after the jury was impaneled and sworn; or, in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts; or, after a plea of guilty was accepted by the court. None of this has occurred here. These enumerations of error are not meritorious.

2. During the trial one of defendant's witnesses testified that he had had sexual intercourse with the prosecutrix on more than one occasion. After this witness had been examined by counsel for both parties the jury was excused, and the court made an inquiry of the witness as to whether he was familiar with the law of fornication in the State of Georgia and whether or not he realized that he had admitted under oath that he had violated the law by having sexual relations with the prosecutrix without being married. The trial court then inquired of defense counsel whether this witness was needed further. Whereupon, defense counsel responded, "No, sir." The witness was then placed in the custody of the sheriff, but the outcome as to the witness is unknown since it involved a matter other than the trial of this case. At that time,

defense counsel moved for a mistrial in that the court had prejudiced his client's case. It is further noted that the court's inquiry of the witness, inquiry of defense counsel, the taking of the witness into custody, defense counsel's motion for mistrial and the court's denial thereof, all transpired out of the presence of the jury. In *Thompson v. State,* 150 Ga. App. 567, 568 (2) (258 SE2d 180), a somewhat similar situation occurred, and this court held that it is the introduction of facts before the jury which are not in evidence that requires the application of remedies such as mistrial or rebuke, citing Code § 81-1009 and *Patterson v. State,* 124 Ga. 408, 409 (1) (52 SE 534). This enumeration of error is not meritorious.

3. During the argument the solicitor stated that the defendant himself was here and could have testified but did not. This was a comment by the solicitor which is violative of Code Ann. § 38-415 (Ga. L. 1962, pp. 133, 134; 1973, pp. 292, 294). Whereupon counsel for the defendant moved for mistrial. The motion for mistrial was overruled but when the jury, which had been excused during this motion and the colloquy between counsel and the court, returned, the trial court instructed the jury to disregard the portion of the solicitor's argument in which he stated that the defendant had failed to testify "because in a criminal case the defendant is not required to testify. I feel that you do need to strike or disregard that portion of his closing argument." Counsel for defendant here contends that a further rebuke of the solicitor was needed as the comment was clearly a deliberate act on the part of the solicitor "done in an effort to prejudice the minds of the jury and flies in the face of the right of one charged with a crime to remain silent and have his guilt proved." Counsel further argued that the rather mild instruction by the court for them to disregard it did not remedy the situation but more than likely compounded it. However, this court was not present, and we cannot say that the trial court abused its discretion in failing to reprimand the solicitor other than in advising the jury to disregard this argument. "[A] new trial will not be granted unless it is clear that such action failed to eliminate from the consideration of the jury such improper statements." *Moore v. State,* 228 Ga. 662, 665 (187 SE2d 277), and

citations therein. See also *Campbell v. State,* 143 Ga. App. 445, 446 (238 SE2d 576); *Young v. State,* 149 Ga. App. 533, 534-535 (4) (254 SE2d 749). We find no merit in this complaint.

4. In arguments to the jury, attorneys have wide latitude in commenting upon evidence in the record and drawing reasonable inferences and conclusions therefrom. *Georgia Power Co. v. Walker,* 101 Ga. App. 454, 456 (114 SE2d 159). During this trial there was present in the courtroom a minor child sitting in the lap of the prosecutrix. It does not appear that this child had been identified as the abandoned child. In the argument by defense counsel he stated to the jury "can we really say with any degree of certainty that this boy is the father of that child? That brown-headed boy is the father of that blond-headed child." Thereafter, in the solicitor's closing argument he referred to the fact that "the one that's involved is this little fellow that is sleeping over here." Whereupon counsel for defendant moved for a mistrial (after the jury had been excused from the courtroom) in that the argument of the solicitor injected the sleeping child into his argument as highly prejudicial, not illustrative nor in amplification of any of the issues and evidence and designed purely on the part of the solicitor to prejudice the minds of the jury with something that is not in evidence. The motion was denied, and the solicitor was instructed to stay away from that type of closing argument. The court did state it was not going to instruct the jury as to what they should or should not strike from their minds when they came back in. However, when the jury returned, the court did instruct the jury to disregard any remarks that the solicitor had introduced as far as the child himself is concerned. The trial court then referred to the fact that counsel for the defendant has made some remarks about the child during his argument also, "and I would instruct you to disregard all remarks made about the child sleeping, et cetera."

While there appears to have been no direct evidence here that the sleeping child in the arms of the prosecutrix was in fact the abandoned child, nevertheless, the implication is clear that the infant sleeping in the lap of its 18 year old mother was obviously the child in question.

Counsel for the defendant in his argument had pointed out to the jury that the father's hair was brown and the baby's hair was blond.

For the same reason as stated above in Division 3, we do not believe that the trial court has abused its discretion in instructing them to disregard the remarks of the attorneys and in particular the statement of the solicitor alluding to the child and for the jury to disregard all remarks about the sleeping child. Further, defense counsel may have "opened the door" by reference to the child in the courtroom. Compare *Rivers v. State,* 147 Ga. App. 19 (3) (248 SE2d 31). We find no merit in this complaint.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED OCTOBER 31, 1979 — DECIDED NOVEMBER 15, 1979.

*Alvin Leaphart,* for appellant.
*Hubert H. Howard, Solicitor,* for appellee.