## 61440. THE STATE v. ALONSO.

POPE, Judge.

This is an appeal by the State of Georgia from an order sustaining the defendant's motion to suppress a search warrant. The warrant was secured by information from a confidential informant who had seen three men and one woman behind the Sky City Department Store in Elberton, Georgia at 4:00 a.m. on the morning of April 7, 1980. Later that morning it was discovered that the Sky City Department Store had been burglarized by someone who had entered through the roof and had taken a large quantity of money and various merchandise from the store.

After spotting the four people behind the building, the informant followed them as they proceeded in a gold-colored Oldsmobile to a local motel. As the informant passed the car when it was parked in the motel parking lot, the driver cut off the interior light. The informant parked his car and watched as the three men and one woman got out of the Oldsmobile and went into room 102 of the Granite City Motel. The woman was carrying what appeared to the informant to be a grocery bag in her arms. Investigation by the law enforcement authorities revealed that the shopping bags used by Sky City were brown paper bags which resembled grocery bags. A short time after entering the motel the three men left in a black van and the woman left in the Oldsmobile; both vehicles proceeded away from the motel in the same direction. The informant stated that he observed the license plate on the black van and was able to read the digits QZ-612 on the tag. He stated that the final digit on the tag was obscured by a chrome ladder on the back door of the van.

The Georgia Bureau of Investigation (GBI) checked the motor vehicle registrations for license plates QZ-6120 to QZ-6129 and

discovered that QZ-6123 was issued to Stephen A. Alonso of 2295 Hurt Road in Marietta, Georgia on a 1978 Dodge Tradesman Van. The guest register at the Granite City Motel indicated that a person registered as S. A. Alonso of the same address had been staying as a single in room 102 at the time of the burglary. According to the hotel records, his vehicle was listed as a 1978 Dodge Van, license number QZ-6123. After the burglary GBI agents, observing the defendant's residence in Marietta, spotted a black van parked there which met the description of the van seen in Elberton and having the same license plate number.

A search warrant was obtained based on an affidavit containing the preceding information. The search was executed and the stolen merchandise recovered. Defendant moved to suppress the evidence. The trial court upon finding that there was no probable cause for the issuance of a search warrant granted defendant's motion and suppressed the evidence obtained by the warrant. The state appeals from this order.

The question presented on appeal is whether the evidence contained in the affidavit was sufficient to establish probable cause for the search of defendant's residence. Generally, probable cause exists where the facts and circumstances would warrant a man of reasonable caution to believe that a criminal offense has been or is being committed. A warrant must stand on firmer grounds than mere suspicion. *Fenning v. State,* 136 Ga. App. 569 (222 SE2d 122) (1975).

The defendant was linked to a criminal activity in the present case because the motel room in the town where the burglary occurred and in which he allegedly stayed was checked out in his name and a van registered to him, according to the state motor vehicle records and motel records, was located in the parking lot of the motel. The motel room was entered by three men and one woman who were seen going there directly from the shopping center where the burglarized store was located the night of the burglary. The three men left in the defendant's van which was later spotted by police located at the defendant's residence in another county.

Even though there was not a positive identification of the accused to show that he was at the scene of the crime, the circumstances involved in this case were sufficient to support an inference that the defendant was involved in the burglary of the Sky City store. The information supplied to the judge certainly made the basis of the warrant more than a casual rumor. The police investigation and the detailed information supplied by the informant support the reasonable inference that the accused was involved in the burglary and that some of the items taken remained under his dominion and control. Therefore, the issuance of the warrant to

search his residence was proper and the ruling of the trial court is reversed. *State v. Boswell,* 131 Ga. App. 657 (2) (206 SE2d 682) (1974).

*Judgment reversed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 30, 1981 —
REHEARING DENIED JULY 10, 1981

*J. Cleve Miller, District Attorney,* for appellant.
*Rodger E. Davison,* for appellee.