## 62067. DENSON v. THE STATE.

SOGNIER, Judge:
Denson was convicted of a misdemeanor violation of the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8). Appellant

contends he was illegally searched and the evidence seized from him (marijuana) should have been suppressed.

Police officers had "staked out" a bank in Carrollton in an attempt to apprehend members of a forgery ring who were opening savings accounts with stolen and forged checks, then withdrawing large amounts of cash from the account two or three days later. The bank had opened such an account with a check which was later determined to be stolen. The police were alerted that one of the suspects in the forgery ring was in the Carrollton bank. Several police officers arrived and were watching everyone entering, leaving, or in the vicinity of the bank. One of the officers observed appellant and a woman walking across the street from the bank. The officer observed another man in front of the bank who kept entering and exiting the bank. When a detective unit drove up to the bank, this man crossed the street, talked to the appellant and the woman a minute, and then all three hurriedly started to leave the area of the bank. The police officer who observed these activities concluded that the man entering and leaving the bank was a lookout for the suspects in the forgery ring; therefore, when appellant started to leave the area he was arrested. While making a routine "pat down" of appellant, a plastic bag containing a substance later determined to be marijuana fell from appellant's side to the ground. Appellant contends this warrantless search was the result of an illegal arrest; therefore, the marijuana and testimony relating thereto should have been suppressed.

We believe the evidence showed that sufficient probable cause existed from the facts and circumstances within the police officer's knowledge to warrant a belief by a man of reasonable caution that a crime had been or was being committed. See Brinegar v. United States, 338 U. S. 160 (69 SC 1302, 93 LE 1879); *Elders v. State,* 149 Ga. App. 139, 140 (253 SE2d 817) (1979). "An officer has the authority to arrest anyone of whom he has reasonable suspicion that he has committed a felony without first obtaining a warrant. [Cit.]" Id. Accordingly, the trial court did not err in determining on the facts presented that the arresting officer acted with reasonable caution in believing that appellant was involved in the forgery scheme being perpetrated on the bank in Carrollton. *Creecy v. State,* 235 Ga. 542, 543 (2) (221 SE2d 17) (1975). Since the arrest was legal, the marijuana that fell from appellant's hand was lawfully seized incident to his arrest. Code Ann. § 27-301; *Humphrey v. State,* 231 Ga. 855, 858 (204 SE2d 603) (1974).

Accordingly, the enumeration of error is without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 25, 1981 —

*Gerald P. Word,* for appellant.
*Arthur E. Mallory III, District Attorney, Harger W. Hoyt, Assistant District Attorney,* for appellee.