## 63522. THE STATE v. HOLDEN.

BANKE, Judge.

The state appeals the grant of the defendant's motion to suppress evidence seized during a search of an automobile which he was driving when arrested.

A police officer in an unmarked car began following the defendant after seeing him weave back and forth across the centerline of the highway. The defendant proceeded into an apartment complex and parked in a space in front of one of the buildings, whereupon the officer ordered him out of the vehicle and, based on observations of his behavior and the presence of a "light odor" of alcohol on his breath, arrested him for driving under the influence of alcohol and drugs. The defendant was placed in the back of a patrol car which had been summoned to the scene, and the officers immediately conducted an "impound inventory" of the contents of his vehicle. Pursuant to this "inventory search," four white tablets suspected to be methaqualone were discovered inside a cigarette pack in the glove compartment. The defendant was subsequently indicted for violating the Controlled Substances Act, as well as for several violations of the motor vehicle laws.

The sole ground upon which the state sought to justify the search was the officers' alleged right to impound the car and inventory its contents. The trial court granted the motion to suppress based on his determination that the impoundment was not reasonable under the circumstances disclosed by the evidence. *Held:*

We need not determine whether the trial court erred in concluding that the impoundment of the vehicle was unauthorized, since we find that the search was lawful pursuant to Code Ann. § 27-301 (d). That statute provides, in pertinent part, as follows: "When a lawful arrest is effected, a peace officer may reasonably search the person arrested and the area within such person's immediate presence for the purpose of: . . . (d) Discovering or seizing any instruments, articles, or things which are being used, or which may have been used, in the commission of the crime for which the person has been arrested . . ." It appears to be well settled under this code section that where a person is arrested for driving under the influence, "[a] search of the vehicle is proper for the purpose of obtaining evidence of the basis of a suspect's intoxication. *Howe v. State,* 132 Ga. App. 840, 841 (209 SE2d 258); *Rush v. State,* 137 Ga.

App. 387 (1) (224 SE2d 39)." *Stoker v. State,* 153 Ga. App. 871, 872 (267 SE2d 295) (1980). Such a search comports with the United States Supreme Court's recent holding that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile" and "may also examine the contents of any containers found within the passenger compartment . . ." New York v. Belton, 453 U. S. 454, 460 (101 SC 2860, 69 LE2d 768, 775) (1981). Since it appears without question that the search in this case was made as a contemporaneous incident of the arrest, we must conclude that it was lawful. The grant of the defendant's motion to suppress is accordingly reversed.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 5, 1982.

*Robert E. Keller, District Attorney, Steven E. Lister, Mary Jane Stewart, Assistant District Attorneys,* for appellant.
*Donald O. Nelson,* for appellee.