### 66548. MEDLIN v. THE STATE.

CARLEY, Judge.

Following a bench trial, appellant was found guilty of two counts of violating the Georgia Controlled Substances Act. He appeals from the judgment of conviction and sentence entered thereon. Appellant enumerates as error only the trial court's denial of his motion to suppress.

Although the evidence presented was not entirely consistent, the trial court, as the trior of fact, was authorized to find the following facts: Appellant and a woman were sitting in appellant's truck, which was parked in a motel parking lot. The motel security guard approached appellant's truck and, upon learning that the occupants were not registered guests at the motel, told them to leave. The woman did so. Appellant and the security guard exchanged words. The security guard testified that appellant then threatened him by saying, "It would just take one slug to put you down." The security guard stopped a police officer, who happened to be patrolling the parking lot at the time, and reported that appellant had threatened his life. The officer stopped appellant, who had begun driving his truck toward the exit of the parking lot, and inquired whether appellant had a gun under the seat of his vehicle. Appellant replied that he did. The officer arrested appellant, charging him with making

terroristic threats. A pat-down search of appellant revealed a silver box containing several methaqualone tablets.

After placing appellant in the patrol car, the police officer went over to appellant's truck to retrieve the gun. On the front seat of the truck, in plain view, were a mirror and two straws which had traces of white powder on them. Under the seat, the officer found a cloth sack, which he opened. In the sack were several small plastic bags containing a white powder subsequently identified as cocaine. In an unlocked tool compartment located in the back of the truck, the officer found a plastic bag containing a large quantity of methaqualone tablets. The officer testified that he discovered the contraband during the course of an inventory search conducted prior to the car's being impounded.

On this evidence, appellant asserts that his warrantless arrest was illegal because it was not based upon probable cause. See OCGA § 17-4-20 (Code Ann. § 27-207). Accordingly, he contends that the searches of his person and of his vehicle were not justified as searches incident to a lawful arrest under OCGA § 17-5-1 (Code Ann. § 27-301). Appellant further asserts that the vehicle search cannot be validated as an inventory search, since it was not compelled by the exigencies of the situation.

1. We do not decide whether the officer's action constituted a valid inventory search because there are alternative grounds which justify the search of the vehicle in this case. *State v. Hopkins,* 163 Ga. App. 141 (293 SE2d 529) (1982). See also *State v. Holden,* 162 Ga. App. 33 (290 SE2d 130) (1982); *Conrad v. State,* 160 Ga. App. 909 (288 SE2d 618) (1982); *Parks v. State,* 150 Ga. App. 446 (258 SE2d 66) (1979).

2. "[T]he evidence showed that sufficient probable cause existed from the facts and circumstances within the police officer's knowledge to warrant a belief by a man of reasonable caution that a crime had been or was being committed. [Cits.] 'An officer has the authority to arrest anyone of whom he has a reasonable suspicion that he has committed a felony without first obtaining a warrant. [Cit.]' [Cit.]" *Denson v. State,* 159 Ga. App. 713, 714 (285 SE2d 69) (1981).

In the instant case, the police officer had probable cause to believe that appellant had made terroristic threats, and his arrest and pat-down search of appellant were lawful. See OCGA §§ 17-4-20 (Code Ann. § 27-207), 17-5-1 (Code Ann. § 27-301). " '[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile' and 'may also examine the contents of any containers found within the passenger compartment . . .' New York v. Belton, 453 U. S. 454, 460 (101 SC

2860, 69 LE2d 768, 775) (1981)." *State v. Holden,* supra at 34. Accordingly, the search of the cab of the truck was proper. See also *State v. Hopkins,* supra.

The contraband which was lawfully discovered and seized from the cab of the truck furnished probable cause for believing that more contraband was contained in the vehicle. *State v. Key,* 164 Ga. App. 411 (296 SE2d 60) (1982); cert. den., 250 Ga. 477 (299 SE2d 529) (1983). "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." United States v. Ross, 456 U. S. 798, 825 (102 SC 2157, 72 LE2d 572) (1982). The police officer's search of the tool compartment in the back of the truck was not improper.

The trial court did not err in denying appellant's motion to suppress.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 7, 1983 —
REHEARING DENIED OCTOBER 21, 1983 — 

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys,* for appellee.