## 66999. GREEN v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of violation of the Georgia Controlled Substances Act (possession of more than one ounce of marijuana). The sole issue raised on appeal is whether defendant's incriminatory statement to law enforcement officers was the product of an illegal "seizure" and thus inadmissible under the Fourth Amendment. *Held:*

"It is true that even though proper Miranda warnings may have been given prior to a defendant's making an incriminatory statement and even though the statement may have been 'voluntary' for Fifth Amendment purposes, the statement is nonetheless inadmissible under the Fourth Amendment if it is the product of an illegal 'seizure.' Dunaway v. New York [442 U. S. 200 (99 SC 2248, 60 LE2d 824)]." *Dupree v. State,* 247 Ga. 470, 472 (2) (277 SE2d 18). Defendant contends that the trial court erred in denying his motion to suppress his statement, arguing that the statement was the product of an illegal arrest and seizure.

The state's evidence on the motion to suppress hearing was that: Sergeant Smith saw defendant standing in front of a residence talking to another man. Both the defendant and the residence in front of which he was standing were subjects of information Sergeant Smith had received on several occasions in connection with the possession of illegal drugs. It appeared to Sergeant Smith that defendant "had a bulge in his shirt, that he had something underneath his shirt, and he took off running." Sergeant Smith suspecting that defendant was in possession of illegal drugs pursued defendant and radioed for assistance, advising his fellow officers to "stop" and "check" defendant. Sergeant Landrum, who saw Sergeant Smith running and joined in the chase, was advised by a bystander, "that whosoever they are after threw something" in a garbage can. Sergeant Landrum looked in the indicated garbage can and found a plastic bag containing a green leafy material which appeared to be marijuana. Sergeant James came to the scene and Sergeant Landrum showed him the plastic bag of green leafy material in the garbage can and told him about receiving information from the bystander that whoever they were after had just thrown the bag in the garbage can. Sergeants Landrum and James were joined by Sergeant Smith to whom they showed the marijuana. Officer Odum also responded to Sergeant Smith's radio request for assistance and succeeded in seizing and detaining defendant. Officer Odum, by radio, notified the other officers that he had detained defendant and requested assistance. Sergeants Smith and James responded quickly

to Officer Odum's request for assistance. Upon the arrival of the additional officers defendant was placed under arrest.

"The Fourth Amendment applies to seizures of the person, including brief investigatory stops . . ." United States v. Cortez, 449 U. S. 411, 417 (2A) (101 SC 690, 66 LE2d 621). "[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." Terry v. Ohio, 392 U. S. 1, 16 (88 SC 1868, 20 LE2d 889). See also in this connection United States v. Mendenhall, 446 U. S. 544, 554 (2A) (100 SC 1870, 64 LE2d 497) (in which decision Justices Stewart and Rehnquist concurred; three other Justices concurring in the judgment; four Justices dissenting).

Whether the seizure of the defendant is viewed as having occurred when he was restrained with physical force by Officer Odum or when Sergeant Smith initiated pursuit will not affect our analysis. Officer Odum was acting in reliance on Sergeant Smith's determination that an investigatory stop of the defendant was authorized. See in regard to Officer Odum's authority to rely upon the determination that an investigatory stop was authorized, Griggs v. State, 167 Ga. App. 581 (1) (307 SE2d 75). Therefore, we must examine whether under the totality of the circumstances Sergeant Smith had a particularized and objective basis for suspecting defendant of criminal activity. See United States v. Cortez, 449 U. S. 411, 417-418 (2A), supra.

First, Sergeant Smith's assessment of the situation combined information from several sources: information involving illegal drugs relating to both defendant and the residence in front of which he was standing, the bulge in defendant's shirt, and defendant's conduct in running when he saw Sergeant Smith. Secondly, this information gave rise to the particularized suspicion by Sergeant Smith that defendant was in possession of illegal drugs. We conclude that Sergeant Smith, an experienced drug squad officer, could reasonably surmise that defendant was engaged in criminal activity. We also hold that the stop once effected by Officer Odum was reasonably related in its scope to the justification for its initiation, Officer Odum having detained defendant for the brief period of time to permit the arrival of Sergeant Smith.

As to the arrest of defendant upon the arrival of Sergeants Smith and James, we must determine whether there was probable cause. Police may not arrest on mere suspicion but only on probable cause. Mallory v. United States, 354 U. S. 449 (77 SC 1356, 1 LE2d 1479). "Probable cause existed if at the time of the arrest the officers had knowledge and reasonably trustworthy information about facts and circumstances sufficient to warrant a prudent man in believing that [defendant] had committed an offense. Beck v. Ohio, 379 U. S. 89 (85

SC 223, 13 LE2d 142) (1964); *Vaughn v. State,* 247 Ga. 136 (274 SE2d 479) (1981); *Morgan v. State,* 241 Ga. 485, 486 (1) (246 SE2d 198) (1978); *Sanders v. State,* 235 Ga. 425, 430 (219 SE2d 768) (1975); *State v. Perry,* 234 Ga. 842 (218 SE2d 559) (1975). Since hearsay information from an informer was relied on, the reasons to support the conclusion that the informer was reliable must be furnished, and it either must be revealed how the informer obtained the information or the informer must describe the criminal activity in such detail that it may be known that the information is more than a casual rumor circulating in the underworld or an accusation based merely on the individual's general reputation. Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969); *State v. Perry,* supra." *Borden v. State,* 247 Ga. 477, 478 (2) (277 SE2d 9).

In the case sub judice, officers at the time of defendant's arrest had in their possession a quantity of marijuana in regard to which they had received information from a bystander that such had been concealed or abandoned by defendant while running from the officers.

The statement of the bystander in the case sub judice revealed that she learned of the package deposited by defendant in the garbage can by her own observation. The credibility of the bystander was further substantiated by the discovery of the marijuana (a valuable, albeit illegal, commodity not customarily discarded) in the garbage can. We find that the law enforcement officers had information sufficient to give them probable cause to arrest defendant.

Defendant's seizure, both in the initial investigatory stop and subsequently in the arrest of defendant, was legal. The trial court did not err in so ruling and in denying defendant's motion to suppress his statement to law enforcement officers.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 21, 1983.

*Dwight H. May,* for appellant.

*H. Lamar Cole, District Attorney, James B. Thagard, Assistant District Attorney,* for appellee.