## 68917. WILLIAMS v. THE STATE.

(325 SE2d 783 )

BIRDSONG, Presiding Judge.

Appellant Johnny Lee Williams was indicted in two counts for violating the Georgia Controlled Substances Act by being in possession of more than one ounce of marijuana and cocaine with intent to distribute. On November 22, 1983, a jury found him guilty of possession only in both counts, and he appeals from the conviction and sentence.

Evidence was presented at trial showing that Bonnie Harpe, an Albany police officer, received a telephone call at her home from a confidential informant who told her that he had just overheard a conversation between appellant and another person, and that appellant was then leaving to pick up some drugs, specifically marijuana and cocaine. Appellant's name was given to Officer Harpe and he was described as a tall, slim, black man who would be driving a blue Toyota with a license tag starting with the letters XLX. His destination was one of two locations, either on Andover Lane or in Paradise Village Trailer Park. The informant was known to Officer Harpe, having pro-

vided information to her at least five or six times within the last year and a half which had resulted in arrests and the confiscation of drugs. Officer Harpe and Investigator Alex Hall drove to Paradise Village where they observed a man fitting the informant's description leave a trailer carrying a small paper bag and get into a blue Toyota with a tag reading XLX 196. The suspect put the bag in the glove compartment and drove away with Harpe and Hall following. The officers radioed to headquarters to have the car stopped, at which time they verified appellant's identity by checking his driver's license. When marijuana and cocaine were found in the bag in the glove compartment, appellant was arrested and taken to the police station, where two more bags of marijuana, consisting of less than one ounce, fell from his pants leg as he was walking down the hall with the officers. *Held*:

1. Appellant contends that the trial court erred in refusing to grant his motion to suppress evidence, asserting that the State failed to carry its burden of establishing the reliability of the informant and that the search and seizure cannot be justified if made incident to an unlawful arrest. While the standards for such reliability usually pertain to challenges of probable cause in the issuance of search warrants, the test is whether under the totality of the circumstances, "including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823), quoting *Illinois v. Gates*, __ U. S. __ (103 SC 2317, 2332, 76 LE2d 527). This was clearly shown and fully corroborated here. See *Green v. State*, 168 Ga. App. 558 (309 SE2d 687); *Giles v. State*, 149 Ga. App. 263 (2 (d)) (254 SE2d 154). See also *Lang v. State*, 165 Ga. App. 576 (2) (302 SE2d 683); *State v. Alonso*, 159 Ga. App. 242 (283 SE2d 57).

Insofar as the stop of the car was concerned, "the evidence showed that sufficient probable cause existed from the facts and circumstances within the police officer's knowledge to warrant a belief by a man of reasonable caution that a crime had been or was being committed. [Cits.] An officer has the authority to arrest anyone of whom he has reasonable suspicion that he has committed a felony without first obtaining a warrant. [Cit.]" *Denson v. State*, 159 Ga. App. 713, 714 (285 SE2d 69). Further, " 'when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile' and 'may also examine the contents of any containers found within the passenger compartment . . .' *New York v. Belton*, 453 U. S. 454, 460 (101 SC 2860, 69 LE2d 768, 775) (1981). Since it appears without question that the search in this case was made as a contemporaneous incident of the arrest, we must con-

clude that it was lawful." *State v. Holden,* 162 Ga. App. 33, 34 (290 SE2d 130). Accord *Medlin v. State,* 168 Ga. App. 551 (2) (309 SE2d 639); *Green v. State,* supra.

A warrantless search was also legitimate under the "automobile exception" of *Carroll v. United States,* 267 U. S. 132 (45 SC 280, 69 LE 543). *Williams v. State,* 167 Ga. App. 42 (1) (306 SE2d 46). "A valid search without a warrant may be made incident to a legal arrest or under exigent circumstances when supported by probable cause. [Cit.] Probable cause to search may be provided by reasonably contemporaneous information from a reliable confidential informant. Reliability of the informant was established. Exigent circumstances were shown to exist because of the mobility of the automobile and the person driving it. [Cits.] Probable cause existed to search and to arrest, based upon the details and specific information from the personal observations of the known reliable informant. [Cit.] Search of the car after the arrest of the defendant was reasonable. [Cits.] The specificity provided by the informant, when verified by the observation of the police, provided additional indicia of probable cause. [Cits.] We find no error in the overruling of [appellant's] motion to suppress." *Smith v. State,* 135 Ga. App. 424-425 (218 SE2d 133); *McDonald v. State,* 156 Ga. App. 143 (1) (273 SE2d 881).

2. Appellant contends that his trial was barred by the doctrine of former jeopardy because he had been previously tried for the same offenses on the same facts and found guilty by a jury. While some portions of the transcript of the former trial are missing, those events were reconstructed and agreed upon in narrative form in a proceeding preliminary to the November trial as authorized by OCGA § 5-6-41 (d), and were transcribed for inclusion in the record. It appears from this transcript that a mistrial was declared in the first trial because the jury was unable to reach a verdict on both counts of the indictment, and a proper verdict was never accepted or published by the court. "A retrial after a mistrial caused by the failure of the jury to reach a verdict does not constitute double jeopardy under the doctrine of 'manifest necessity' as enunciated in *United States v. Perez,* 22 U. S. (9 Wheat.) 579 (1824). [Cits.]" *Phillips v. State,* 238 Ga. 632-633 (235 SE2d 12).

The jury in the first trial was able to agree only on a conviction of possession of the marijuana that fell out of the appellant's pants leg after his arrest, and was deadlocked on the other count. Defense counsel objected to the court's grant of mistrial, and asserts on appeal that since the court could have upheld the verdict as to Count I and requested the jury to reconsider as to Count II, there was no "manifest necessity" to declare a mistrial to ensure that the ends of justice were not defeated, as contemplated by *Phillips,* supra. See *Murff v. State,* 165 Ga. App. 808 (1) (302 SE2d 697) (revd. on other grounds,

251 Ga. 478 (306 SE2d 267)). However, it is stressed in both *Phillips* and *Murff*, supra, that the decisive factor in the declaration of a mistrial without the defendant's request or consent is the inability of the jury to reach a verdict, and it is solely within the discretion of the trial court to declare a mistrial on this ground. Neither appellant's arguments nor anything in the record on review persuades us that the trial court abused its discretion in declaring a mistrial in the prior prosecution. Cf. *Van Scoik v. State*, 139 Ga. App. 293 (228 SE2d 229). Consequently, this enumeration is also without merit.

*Judgment affirmed. Beasley, J., concurs specially. Carley, J., concurs in the judgment only.*

DECIDED NOVEMBER 29, 1984 —<br>REHEARING DENIED DECEMBER 20, 1984.

*Baxter C. Howell, Jr.*, for appellant.
*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney*, for appellee.

BEASLEY, Judge, concurring specially.

I concur but wish to point out the basis for my concurrence with respect to Division 2. It is the peculiar posture of the case in the first trial that made retrial permissible, although at first blush I would have thought that OCGA § 16-1-8 (a) (2) and (e) (2) prevented it.

Defendant was indicted for two felonies, possession of marijuana, with intent to distribute it (OCGA § 16-13-30 (j)) and possession of cocaine, a controlled substance, with intent to distribute it. (OCGA § 16-13-30 (b).) Marijuana and cocaine had been found in defendant's car after an informant told police that defendant would be picking up some drugs at one of two described locations. When defendant was arrested and later taken to the police station, two bags of marijuana fell out of his pants leg.

A jury tried the case and returned a written verdict of guilty as to possession of marijuana but the foreman announced that this was related to the marijuana from the pants leg,[1] and that the jury could not agree on the other charge. Whether the jury understood that the marijuana Count 1 also embraced the marijuana from the car, the possession of which when added to the possession of the pants leg marijuana would amount to about 3 ounces, and that Count II related only to the cocaine in the car, is not clear. Its written verdict does not bear the limited finding announced by the foreman.

The court did not seek clarification nor instruct the jury to delib-

---

[1] The State agrees that the marijuana from the pants leg amounted to less than one ounce. This would make its possession a misdemeanor. OCGA § 16-13-2 (b).

erate again concerning the balance of the count relating to marijuana. It did not advise the jury that they had not fully discharged their responsibility as to Count 1 regarding marijuana unless they had agreed that defendant was or was not guilty of possession of the marijuana in the car and that therefore their written verdict as to Count 1 may have been premature. Instead, the court declared a mistrial as to both counts.

Had the verdict been complete as to the marijuana charge, I believe there would be no "manifest necessity" for retrial on it. *Orvis v. State*, 237 Ga. 6 (2) (226 SE2d 570) (1976). Had it been complete, retrial would not be warranted because, as it relates to a deadlocked jury, OCGA § 16-1-8 (e) (2) allows termination only when "the jury is unable to agree upon a verdict, . . ." Then retrial would be prohibited because it would be a situation where "accused was formerly prosecuted for the same crime upon the same material facts, [and] such former prosecution [was] terminated improperly after the jury was impaneled and sworn. . . ." OCGA § 16-1-8 (a) (2). There would have been prejudice to defendant, because if the marijuana count had been fully disposed of, the pants leg incident would have been arguably irrelevant in the retrial of the cocaine count. The State, on the retrial, would not have had the persuasive benefit of showing defendant with marijuana hidden on his person, an occurrence separate from the possession of drugs in the car's glove compartment.

Had Count 1 only involved possession of marijuana in the police station, I would agree with appellant because then there would have been no "failure" to reach a verdict, the term used in *Phillips v. State*, 238 Ga. 632 (235 SE2d 12) (1977). But it involved in addition the marijuana in the car, about which the jury apparently could not agree. Although jeopardy had attached, since a jury was sworn, *Turner v. State*, 152 Ga. App. 354 (262 SE2d 618) (1979), the trial court did not abuse its discretion in declaring a mistrial on both counts.