69664. VAUGHN v. THE STATE.
(327 SE2d 747)

BANKE, Chief Judge.

Leon Vaughn appeals his conviction of two counts of selling marijuana in violation of the Controlled Substances Act.

The state's evidence was sufficient to support the inference that, negotiating through an associate named Jimmy Ray Williams, the appellant arranged on three separate occasions to sell marijuana to Chris Dorsey, an undercover agent with the Georgia Bureau of Investigation (GBI). Each of the transactions was to be consummated at night, behind some trash dumpsters located near the appellant's residence in Bacon County. Dorsey testified that as he and Williams were driving to the dumpsters on the night of the first sale, which took place on November 23, 1982, he observed a driver whom Williams identified as the appellant pull out from the dirt road leading to the dumpsters. Dorsey then proceeded with Williams to the dumpsters, where he retrieved two plastic bags of marijuana and, in accordance with Williams' instructions, left $180 in a paper cup. Dorsey testified that on the night of the second sale, which took place on December 6, 1982, he and Williams again observed the car Williams had previously identified as appellant's on the same dirt road. On the third occasion, Williams was arrested prior to the consummation of the sale, and Dorsey made the trip to the dumpsters in the company of another GBI agent. While other GBI agents and officers from the sheriff's department conducted a surveillance of the area, Dorsey retrieved the

marijuana from behind the dumpsters, deposited $180 in the paper cup, and departed. Although no one else was seen approaching the dumpsters, the money was gone 30 minutes later. Soon thereafter, the appellant's vehicle was spotted on the road leading to his house, and he was arrested. A search of his person conducted incident to the arrest resulted in the discovery of nine $20 bills bearing the same serial numbers as the bills Dorsey had earlier left in the cup. *Held*:

1. Appellant's initial contention is that the money should have been suppressed as evidence on the ground that the arrest was unlawful. "A police officer may arrest without a warrant anyone whom he reasonably suspects has committed a felony. [Cit.]" *Hack v. State*, 168 Ga. App. 927, 930 (311 SE2d 211) (1983). See also *Medlin v. State*, 168 Ga. App. 551 (2) (309 SE2d 639) (1983); *Elders v. State*, 149 Ga. App. 139 (1) (253 SE2d 817) (1979). Considering the entire circumstances known by Dorsey, we are satisfied that he had probable cause to arrest appellant for selling marijuana. It follows that the ensuing search of appellant and the seizure of the fruits of the crime for which he was arrested were lawful. See generally OCGA § 17-5-1 (a) (3).

2. Appellant contends that the trial court erred in admitting evidence of the sale which took place on November 23, 1982, because it was not charged in the indictment. "Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cits.]" *French v. State*, 237 Ga. 620, 621 (229 SE2d 410) (1976). The evidence was sufficient to establish the appellant's participation in the November 23rd transaction; and, as all three transactions were arranged and consummated in the same manner, evidence of that transaction was admissible to prove his participation in the other two. *Williams v. State*, 251 Ga. 749 (4) (312 SE2d 40) (1983).

3. Appellant contends that the trial court erred in allowing a juror who had previously been excused to participate in the case. After being selected, this juror was excused before the trial commenced due to a death in the family. The appellant and the state agreed at this time to proceed with not less than 10 jurors; however, the trial did not proceed until about a month later, by which time all 12 jurors were again available. Although appellant was not specifically informed that the previously excused juror had returned, all 12 jurors were obviously present. Indeed, after they had returned their verdict, all 12 jurors were polled, and each responded by name. Appellant made no objection to the participation of the juror in question until filing his motion for new trial.

Generally, the failure of a party to raise an objection to the make-up of the jury until after the return of the verdict constitutes a waiver of the issue on appeal. Accord *Atkins v. Martin*, 229 Ga. 815 (3) (194 SE2d 463) (1972). Although appellant contends that he was unaware of the participation of the previously excused juror, this fact could obviously have been ascertained through the exercise of due diligence. Thus, the failure to raise the issue until after the trial constituted a waiver of any possible ground for disqualification of this juror. Accord *Green v. Caldwell*, 229 Ga. 650 (4) (193 SE2d 847) (1972); *Rogers v. State*, 42 Ga. App. 407 (1) (156 SE 323) (1930); *Burns v. State*, 80 Ga. 544 (1) (7 SE 88) (1888).

4. Appellant contends that the trial court erred in allowing a non-resident of Bacon County to sit as a juror. After the trial concluded, appellant discovered that one juror actually resided in Coffee County, rather than Bacon County, the situs of the trial. "A juror incompetent propter defectum is made specially competent by the act of the parties in allowing him to serve without challenge, and a verdict will not be set aside for such cause. [Cit.]" *Parris v. State*, 125 Ga. 777 (1) (54 SE 751) (1906). Although appellant was unaware that the juror in question was a non-resident, he could have elicited this information during voir dire. His failure to do so and consequent failure to challenge the juror for cause constitute a waiver of that challenge. Accord *Green v. Caldwell*, supra.

5. Appellant contends that the trial court erred in failing to provide him "the pretrial discovery to which he was entitled," specifically, the criminal records and pretrial statements of Williams. This contention is without merit. Williams' criminal records were admitted in evidence, and Williams admitted on cross-examination that he had pled guilty to participating in two sales of marijuana in Bacon County and one sale in Coffee County. Accordingly, appellant obtained and presented to the jury the information at issue. As to any pretrial statements made by Williams, appellant did not raise this issue before the trial court, and therefore, it may not be reviewed on appeal. Accord *Bryant v. Mayor & City Council of Americus*, 252 Ga. 76 (4) (311 SE2d 174) (1984).

6. Appellant contends that the trial court erred in allowing Dorsey, over objection, to refer to a diagram of the crime scene. It was not error for the trial court to allow the witness to refer to the diagram for illustrative purposes, even though it was not drawn to scale and not admitted in evidence. Accord *Williams v. State*, 164 Ga. App. 621 (3) (298 SE2d 306) (1982); *Long v. Serritt*, 102 Ga. App. 550 (1) (117 SE2d 216) (1960).

7. Appellant contends that the trial court erred in failing to direct the court reporter to record both the voir dire and portions of the charge conference. Although appellant filed a pretrial motion for a

complete recordation of all proceedings, he raised no specific request at trial regarding recordation of the voir dire or the charge conference, nor did he make any attempt to have the record or transcript amended to include any matter which was not recorded. "Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f) . . . When this is not done, there is nothing for the appellate court to review. [Cit.]" *High v. Zant*, 250 Ga. 693, 698 (300 SE2d 654) (1983). See also *State v. Graham*, 246 Ga. 341 (271 SE2d 627) (1980); *Zachary v. State*, 245 Ga. 2 (262 SE2d 779) (1980). This enumeration of error is without merit.

8. Appellant contends that the trial court erred by including in its charge to the jury on entrapment the language disapproved by the Supreme Court in *Keaton v. State*, 253 Ga. 70 (316 SE2d 452) (1984). However, there was no evidence whatsoever in the present case of any direct communication between appellant and any law enforcement agent. To the contrary, Williams, who was also convicted for his involvement in those transactions, was the only person dealing directly with appellant according to the evidence presented by the state. Appellant himself denied any knowledge of or participation in the transactions whatsoever. Accordingly, the defense of entrapment was not raised by the evidence, and any error in the trial court's charge on entrapment must be deemed harmless. Accord *Vann v. State*, 153 Ga. App. 710 (5) (266 SE2d 349) (1980). In other words, it is " 'highly probable that the error did not contribute to the judgment.' " *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 8, 1985 —
REHEARING DENIED MARCH 8, 1985 — 

*Emmett P. Johnson, John P. Rivers*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Charles P. Taylor, Assistant District Attorney*, for appellee.