## 76292. SMITH v. THE STATE.
(369 SE2d 549)

BENHAM, Judge.

Appellant's probationary sentence was revoked after he was found to have violated the terms of his probation by possessing marijuana. We granted his petition for discretionary appeal of the denial of his motion to suppress the evidence that led to his probation revocation. On appeal, we affirm the trial court's denial of appellant's motion.

The following information was adduced at the hearing on the suppression motion: A confidential informant told the head of the Dougherty County Sheriff's Drug Squad that on June 6, 1987, he had seen marijuana at a particular address, which was appellant's home. The deputy got a state court judge to sign the search warrant based on the deputy's affidavit. By 2:00 p.m., the house in question was being watched by two other deputies. Shortly after 3:00 p.m., appellant was observed leaving the premises. At approximately 3:30 p.m., when the deputy had obtained the warrant, he was notified by the observers that appellant had just left the premises. The observers were instructed to detain the defendant while the deputy was en route to the scene with the warrant. Appellant was arrested, searched, and taken back to his home several blocks away. Using appellant's keys to gain entry to the house, the deputies executed the warrant. A large quantity of marijuana and receipts with appellant's name on them were found in the master bedroom of the house, and that evidence was used to support the probation revocation.

Appellant complains that because the search warrant did not particularly describe him, his arrest, the search of his person and his vehicle, and the forcible taking of the keys to his residence were not authorized. Assuming arguendo that the search of appellant's person and vehicle was conducted in error, the error was harmless, since nothing incriminating was found in either of those searches. There was no harm in the taking of the keys to gain access to appellant's home, since a search warrant had been issued for the premises.

Appellant also contends that OCGA § 17-5-21 requires a more specific description of him than was provided in the actual warrant, and since he was only described as a "black male unknown," it was an invalid warrant. We disagree. The warrant is sufficient if it "particularly describes the place *or* person, or both to be searched and things to be seized. . . ." OCGA § 17-5-21 (a). (Emphasis supplied.) The warrant had a very specific description of the location of appellant's residence — the place from which the officers observed appellant leaving. "This search warrant was issued primarily to search a place — not a person . . . the lack of description of the person to be searched does not void the search and seizure of items found in a search of the *place*. Even a 'John Doe' warrant is legally sufficient for a search of described premises. [Cit.]" *Giles v. State*, 149 Ga. App. 263, 265 (254 SE2d 154) (1979).

Contrary to appellant's contentions, we do not find any misconduct by the deputies sufficiently connected with the search of appellant's premises such that would require the application of the exclusionary rule to the evidence obtained in the search of those premises. The trial court did not err in denying appellant's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 23, 1988.

*L. Clark Landrum*, for appellant.
*David E. Perry, District Attorney, Clifford B. Goad, Jr., Assistant District Attorney*, for appellee.